# McDevitt *v.* Lambert.

*Statutory Action for Unlawful Detainer.*

1. *Stipulation in lease for continuance of possession after expiration of term.*—When a written lease contains a stipulation, that the lessee may, after the expiration of the term, "continue to occupy by the month," but does not bind him to do so, each party has an equal right, after the expiration of the term, to put an end to the tenancy by the month, by giving reasonable notice.

2. *What is reasonable notice.*—In the absence of statutory regulations, if a lease contains no provision as to the notice necessary to put an end to the tenancy, reasonable and sufficient notice is "the interval between the times of payment of rent, or the length of time by which the letting was first measured;" and when the tenancy is by the month, a month's notice must be given.

3. *Specific objection to evidence.*—An objection to the admission of evidence, on a single specified ground, is a waiver of all other grounds of objection.

4. *Statutory notice, or demand in writing.*—The statutory notice, or demand in writing, which is necessary to the maintenance of an action of unlawful detainer (Code, § 3697), is distinct from the notice which, in case of a tenancy by the month, is necessary to put an end to the tenancy, and terminate the defendant's rightful possession; and this statutory notice can not be given while the defendant is in rightful possession.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was a statutory action for the unlawful detainer of certain realty in the city of Huntsville, commenced in a justice's court on the 1st April, 1882, by Jno. F. McDevitt and wife against John and Benjamin Lambert, and removed by appeal, at the instance of the defendants, into the Circuit Court. The premises in controversy, consisting of a warehouse and other property, were, by a written instrument which was introduced in evidence and is copied into the bill of exceptions, leased by the appellants to said J. and B. Lambert for the term of "two years from the first day of March, 1880." This instrument contained a stipulation which provided that, in certain contingencies, the said J. and B. Lambert "might continue," after the expiration of the term of two years, "to occupy by the month."

As shown by the bill of exceptions, the appellant, the said McDevitt, as a witness in his own behalf, testified that "sometime in the month of March, 1882, the exact day of which witness did not remember, he notified defendants verbally that he wanted them to quit the premises and turn them over to wit-

[McDevitt v. Lambert.]

ness, that witness would not let them occupy the same any longer; and that one of the defendants, or both, told witness, that they claimed the right under the lease to occupy the premises and that they would not get out, but would hold possession of the premises as long as they pleased—and that the defendants did occupy the said premises thereafter for about two years." The witness further testified that about ten days before the 1st day of April, 1882, he served a written notice on the defendants demanding that the premises be vacated and surrendered to him on said 1st day of April, 1882; but that defendants refused to comply with the demand for possession and continued in the occupancy of said premises. Thereupon, as further shown by the bill of exceptions, the defendants moved the court "to exclude all the testimony offered by plaintiff showing, or tending to show, notice or demand in writing made by the plaintiffs on defendants to quit and surrender the possession of the premises sued for, because the proof showed that the notice was given before the lease had expired, and while the defendant had the lawful right to retain possession of the premises sued for." The court granted the motion and excluded said testimony, and the plaintiffs thereupon took a non-suit with a bill of exceptions.

The ruling of the court above noted is here assigned as error.

L. W. Day, for appellants.—(1). Notice to quit at the common law was as a rule required to be given while the lessee was in and entitled to possession, as its office was to terminate a tenancy at will. If there was no tenancy at will, no notice was given or required.— Caffin v. Lant, 2 Pick. 70; Elliott v. Stone, 1 Gray 571; Prindle v. Anderson, 19 Wend. 391; Wade on Notice, § 611; Walker v. Sharpe, 14 Allen 43. (2). The tenancy in question, from month to month, even if so entered upon, was no more than a tenancy at will.—1 Washb. Real Prop. 370, 371, 375, n. 23–26; Collins v. Johnson, 57 Ala. 304. (3). Appellants had the right to terminate the lease and did so as shown by the proof, even if the monthly tenancy had lawfully begun to run.—1 Washb. Real Prop. m. p. 372, §§ 8, 9, 10, pp. 398, 399, 400 and n.; Cook v. Cook, 28 Ala. 660; Ellis v. Paige, 1 Pick. 43; Rising v. Stannard, 17 Mass. 282; 1 Greenleaf Cruise Dig. m. p. 244, §§ 12, 13; Lomax v. Spear, 51 Ala. 532. (4). Appellants had the right to limit their consent to the tenancy of the premises by the appellees in the month of March to the mere matter of removing "machinery and traps." This would be no recognition of a tenancy for that month.—Wade on Notice, § 601; Doyle v. Gibbs, 6 Lans. (N. Y.) 180; 1 Wash. Real Prop. m. p. 385, § 11. (5). Appellants declined to recognize any tenancy by re-

fusing to receive rents.—*Prindle v. Anderson*, 19 Wend. 391;
*Logan v. Hinson*, 8 Serg. & Rawle. 459. (6). The court
erred in holding that this suit was prematurely brought. Every
requisite of notice had been met.—*Spear & Thomason v. Lo-
max*, 42 Ala. 576; *Logan v. Herron*, 8 Serg. & Rawle. at p.
465.

D. D. SHELBY, *contra.*—(1). A demand made before the ex-
piration of the tenant's possessory interest, would be merely a
notice that a demand would be made after its termination. If
the statute, Code of 1876, § 3697, be construed differently, it
could in practice be abrogated by putting in every lease a writ-
ten demand, and acknowledgment of notice of such demand;
because if such demand can be made ten days before the ter-
mination of the possessory interest, it can be made at the begin-
ning of the lease. (2). As defendants were holding over by
the month, they were entitled to a month's notice to terminate
the tenancy.—*Prindle v. Anderson*, 19 Barbour (N. Y.) 391.
And after the termination of the possessory interest, the statu-
tory notice should have been given before suit brought.

STONE, C. J.—McDevitt and wife let the premises in
controversy to Lamberts, by a definite contract of lease for two
years, to expire the last day of February, 1882. The agreed
rental was payable monthly. The lease contained this further
clause : "It is also agreed, that in case the party of the first
part does not dispose of the property, at the time of expiration
of lease, the party of the second part may continue to occupy
by the month, by complying with the above agreement." There
being, under this agreement, no binding obligation resting on
Lamberts to continue the tenancy any longer than they chose,
after March 1, 1882—a mere privilege—the lessors were armed
with an equal right to terminate it, whenever they elected to
do so. One contracting party not being bound for any definite
term, the law secures to the other the same privilege of putting
an end to the tenancy, with or without a reason. And from
and after the end of the two years—February 28, 1882—the
relation of the parties became that of a tenancy by the month,
which either the landlord or tenant could put an end to by
giving reasonable notice.—1 Coke Inst. 55 a; *Cheever v. Pear-
son*, 16 Pick. 266; *Doe v. Richards*, 4 Ind. 374; 1 Washb.
Real Prop. *371; 1 Greenl. Crusie *243; *Jackson v. Deyo*,
1 Johns. 417; *Phillips v. Covert*, 7 Johns. 1; 4 Kent Com.
*112; *Collins v. Johnson*, 57 Ala. 304; Taylor Landlord &
Tenant, 7th ed. § 466; *Anderson v. Prindle*, 23 Wend. 616;
*Cook v. Cook*, 28 Ala. 660.

The plaintiff offered to prove that, about the twentieth of

[McDevitt v. Lambert.]

March, 1882, he served a written notice on defendants to quit the possession of the premises on the last day of that month. The purpose of this notice was to terminate the tenancy with that month. This testimony was objected to by the defendants, on the express ground that "the proof showed that the notice was given before the lease had expired, and while the defendants had the lawful right to retain possession of the premises sued for." The ground of objection being specified, this was a waiver of all objections, if any existed.—1 Brick. Dig. 887 § 1194 ; *Alexander v. Wheeler*, 78 Ala. 167.

After February 28, 1882,—the termination of the two years for which the lease makes absolute provision—the tenants were not, by mere force of the contract under which they entered, tort-feasors, or tenants holding over. They were, by the very letter of their contract, in rightful possession as tenants from month to month. This tenancy, as we have seen, either party could put an end to by giving proper notice. What is reasonable or proper notice in such conditions? We have, in this State, no statute bearing on the question, and the contract of lease under which defendants entered is silent on the subject. Speaking of what is reasonable notice in such cases, Washburn, Vol. 1, Real Prop. *380, says : "It is generally true that it will be sufficient if it be equal to the interval between the times of payment of rent, or the length of time by which the letting was first measured, as by the quarter, month, or week." This principle is supported by the following authorities, while we find nothing opposed to it.—Taylor, Landl. & Ten. §§ 466, 7 ; Wade on Notice § 611 ; *Doe v. Hazell*, 1 Esp. 94 ; *Right v. Darby*, 1 T. R. 162 ; *Doe v. Raffan*, 6 Esp. 4 ; *Doe v. Scott*, 6 Bing. 362 ; *Prindle v. Anderson*, 19 Wend. 321 ; s. c., 23 *Id.* 616 ; *Greene v. Sinclair*, 52 Mo. 327 ; *Walker v. Sharpe*, 14 Allen 43 ; *Pickett v. Ritter*, 16 Ill. 96 ; *Warner v. Hale*, 65 Ill. 385 ; *Huyser v. Chase*, 13 Mich. 152 ; *Woodrow v. Michael, Ib.* 190 ; *Logan v. Herron*, 8 Serg. & R. 459 ; *Caffin v. Lant*, 2 Pick. 70. We feel bound to hold that a month's notice should have been given in this case to terminate the lease.

The present suit is unlawful detainer, commenced April 1, 1882,—the day succeeding the one fixed by the notice as the termination of the lease. The notice, according to the only testimony bearing on the question, had been given about ten days before that time ; much less than a month, the time required by the rule. The testimony offered and rejected did not tend to prove a termination of the lease, so as to uphold the present suit. And as that was the only purpose for which it could have been legal evidence, if the Circuit Court erred in rejecting it on the ground stated, it was error without injury. Testimony which does not tend to prove any material fact in-

[McDevitt v. Lambert.]

volved in the issue, is irrelevant, and should not be admitted. And if admitted, the court commits no error by subsequently ruling it out.—1 Brick. Dig. 109 §§ 79, 85; 3 *Id.* 405 §§ 20, 22.

The present action, it will be remembered, is for unlawful detainer—a statutory action—which must be prosecuted, in the first instance, before a justice of the peace. "An unlawful detainer is where one who has lawfully entered into possession of lands or tenements, after the termination of his possessory interest, refuses, on demand in writing, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney."—Code of 1876, § 3697. The notice here referred to is not the notice to terminate a lease, which we have been considering. The notice to terminate can, in the nature of things, be necessary or proper, only while the tenant is in possession under a lease, express or implied. If he is a mere intruder or trespasser, he is not entitled to notice to quit. Forcible entry and detainer is the proper remedy for evicting such trespasser. When, however, as in this case, the entry is lawful, and the tenancy continues by the terms of the contract until properly terminated by notice to quit, that notice, in the very nature of things, must be given before the lease expires, and while the defendant has the lawful right to retain possession. This, because in a tenancy from month to month, the tenant has the lawful right to retain possession, and his lease does not expire, until it is terminated by a proper notice to quit, as we have stated above. The notice for which section 3697 makes provision is an entirely distinct proceeding, but is, nevertheless, a necessary constituent of our statutory unlawful detainer. The one notice has for its object the termination of an existing lease, which, in the absence of such notice, will sanction and justify the tenant's continued possession. This can only be necessary when, in its absence, the tenant has the lawful right to retain possession. The other can be given only after the termination of the possessory interest; and in all cases where there has been a previous lawful possessory interest, and the wrong consists in holding over without authority, this notice is one of the necessary constituents of the statutory tort, known as unlawful detainer.—Code, § 3697. Without such notice, the summary jurisdiction of a justice of the peace does not attach. So, in cases like this, it would seem two notices are necessary.

In the motion made in this case to exclude proof of the notice from the jury, and in the stated ground on which its exclusion was moved, it appears to have been dealt with as the notice for which § 3697 of the Code makes provision. That, we have seen, was an error. It was, however, as we have shown

[Toney v. Spragins.]

above, an error without injury; for, in no sense, did the testimony offered tend to prove either of the notices which appear to have been necessary to the maintenance of this action.

Affirmed.