[Harris v. Hill.]

# Harris *v.* Hill.

## *Ejectment.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 284.)

1. *Landlord and Tenant; Statutory Ejectment; Notice.*—Where the landlord brings a statutory action in ejectment, triable in a court of record, the ten days written notice required by section 4263, Code 1907, in actions in unlawful detainer brought and tried in a justice court, is not necessary, but a notice to quit is necessary to terminate the tenancy, and, where the tenancy is from month to month, a month's notice is necessary, but it need not be in writing.

2. *Same; Evidence.*—The evidence examined and held to justify a finding that the contract between the landlord and the tenant contemplated and created a tenancy from month to month.

3. *Same; Notice to Quit.*—The evidence examined and held to authorize a finding that a verbal notice to quit was given by the landlord to the tenant more than thirty days before the bringing of the ejectment suit.

4. *Same; Recovery.*—A landlord showing title in himself, and who had given the requisite notice to quit, thus having a right to possession at the commencement of his suit, was entitled to a judgment for the land.

APPEAL from Montgomery Circuit Court.

Heard before Hon. ARMSTEAD BROWN.

Ejectment by William Hill against Kincheon Harris. Judgment for plaintiff and defendant appeals. Affirmed.

EVANS & PARRISH, for appellant.

HILL, HILL WHITING & STERN, for appellee.

DE GRAFFENRIED, J.—Under the evidence in this case the trial judge was authorized to find that more than two years before the suit was brought William Hill rented the lands sued for to Kincheon Harris, by the month, at a rental, to be paid at the end of each

month, of $10 per month. He was also authorized to find that for a period Kincheon Harris paid William Hill the rent monthly, but that, finally, he became negligent about the matter, paid his landlord some money as his convenience suited him, and then, at last, quit paying any rent at all He was authorized to find that for at least six months before this suit was brought the tenant not only refused to pay the landlord any rent, but that he also refused, upon demand made before this suit was brought, and more than 30 days before the suit was brought, to vacate the premises and deliver possession of them to his landlord. The landlord testified as a witness in the case, and the following excerpt from his testimony will illustrate the situation which confronted the trial judge when he, upon the evidence, rendered a judgment in favor of the landlord: "The trade was to rent. My wife said, 'The place is worth $10 per month,' and I said, 'Yes; the place is worth $10 per month,' and Kincheon Harris said he would take it. He rented it by the month. When I tried to get possession he had been renting it about a year, I think, or a year and two or three months. He got in possession of it and wouldn't pay me no rent. Just stayed in it. I tried to get him out, and he would not get out.   *   *   * The last rent I collected from Kincheon, I think, was in March or April, 1912. He paid me $1.80 on May 4, 1912. He made no payment after that time.   *   *   * Before bringing this suit I made demand on him to get out, and he refused to get out."

This suit—a statutory action in the nature of ejectment—was brought on November 4, 1912. The evidence does not show that there was a written demand by the landlord upon the tenant to vacate, and we presume that the demand was a verbal demand.

(1, 2) 1. The ten days' written notice which is required in actions of unlawful detainer (see section 4263 Code 1907, in which an 'unlawful detainer" is defined) has no applicability to this case. This is an action of ejectment, and not an action of unlawful detainer, and the above subdivision of the Code reference to 10 days' written notice applies, not to an action of ejectment which is triable in a court of record and by a jury, but to an action of unlawful detainer, a summary action which may be brought before and tried by a justice of the peace. This is shown, not only by the language of the above section and its kindred sections, but also by the construction which was placed upon the above section by this court in *McDevitt v. Lambert*, 80 Ala. 536, 2 South. 438. In that case this court, through Stone, C. J., said: "The present action, it will be remembered, is for unlawful detainer—a statutory action—which must be prosecuted, in the first instance, before a justice of the peace. 'An unlawful detainer is where one who has lawfully entered into possession of lands or tenements, after the termination of his possessory interest, refuses, on demand in writing, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney.'—Code 1876, § 3697. The notice here referred to is not the notice to terminate a lease, which we have been considering. The notice to terminate can, in the nature of things, be necessary or proper, only while the tenant is in possession under a lease, express or implied. If he is a mere intruder or trespasser, he is not entitled to notice to quit. Forcible entry and detainer is the proper remedy for evicting such trespasser. When, however, as in this case, the entry is lawful, and the tenancy continues by the terms of the contract until properly terminated by notice to quit, that notice, in the very nature of things, must be given before the

lease expires, and while the defendant has the lawful right to retain possession; this because in a tenancy from month to month the tenant has the lawful right to retain possession, and his lease does not expire until it is terminated by a proper notice to quit, as we have stated above. The notice for which section 3697 makes provision is an entirely distinct proceeding, but is nevertheless, a necessary constituent of our statutory unlawful detainer. The one notice has for its object the termination of an existing lease, which, in the absence of such notice, will sanction and justify the tenant's continued possession. This can only be necessary when, in its absence, the tenant has the lawful right to retain possession. The other can be given only after the termination of the possessory interest; and in all cases where there has been a previous lawful possessory interest, and the wrong consists in holding over without authority, this notice is none of the necessary constituents of the statutory tort known as 'unlawful detainer.'—Code, § 3897. Without such notice, the summary jurisdiction of a justice of the peace does not attach. So, in cases like this, it would seem two notices are necessary."—*McDevitt v. Lambert,* 80 Ala. 540, 2 South. 438.

The section referred to in the above quotation as section 3697 of the Code of 1876 is now section 4263 of the Code of 1907, and to which section we have above referred.

In the situation of the plaintiff, if this had been an action of unlawful detainer, instead of an action of ejectment, the tenant would have been entitled to his notice to quit for the purpose of terminating his tenancy, and then to the 10 days' notice in writing, in order that he might have a convenient time within which to actually vacate the premises. In this action

of ejectment the notice to quite was necessary to put an end to the tenancy, but the 10 days' writtten notice to vacate was not necessary. An action in ejectment is not so quick as that of an action of unlawful detainer and the reasons for the 10 days' written notice required in action of unlawful detainer do not exist.— *McDevitt v. Lambert, supra.*

2. The evidence, we think, authorized the trial judge to find that the contract between this landlord and tenant contemplated a rental by the month so long as it suited the mutual wishes of the landlord and the tenant to continue their relations as landlord and tenant. The tenant was, therefore, in lawful possession of the lands, as a tenant from month to month. The landlord could, without reason, put an end to this tenancy, but to do so, the law required him to give the tenant a month's notice to quit. This notice to quit, however, is not required by law to be in writing. Ten days' written notice must be given to terminate a tenancy at will (section 4732 of the Code of 1907), but there is no requirement of any of our statutes that a notice to quit to other than a tenant at will shall be in writing. Our legislators have been content to leave that matter to the rules of the common law, and at common law a verbal notice to quit, unless there was some special agreement of the parties to the contrary, was sufficient, and a verbal notice to quit is, in this state, except as to tenancies at will, sufficient.—24 Cyc. 1332, subd. 4, and authorities there cited in notes 30 and 31.

(3) 3. In our opinion, there was evidence from which the trial judge was authorized to find that a verbal notice to quit was given this tenant by his landlord more than 30 days before this suit was brought. The evidence, indeed, might have been made more specific on the subject, but the following excerpts from the tes-

timony of the landlord when given a reasonable construction—and in construing a notice to quit the courts will look to the intent of the parties, and will uphold it, if it be "so certain as that the tenant cannot misunderstand it" (24 Cyc. pp. 1332 and 1333, subd. 4)—will, we think, indicate that the notice was given more than 30 days before the suit was brought:

"Before bringing this suit I made demand on him to get out, and he refused to get out. * * * When I tried to get possession he had been renting it about a year, I think, or a year and two or three months. He got in possession of it and wouldn't pay me no rent. I tried to get him out, and he would not get out. * * * He came around to my house one night and rented it from me, and that has been 2 or 2½ years ago."

There was, therefore, abundant evidence in the case to justify the trial judge in finding that the notice to quit was given more than a month before the suit was brought.

(4) This being true, the landlord had a right to the possession of the land at the commencement of the suit. He not only showed this, but he also showed title in himself. He was, therefore, entitled to a judgment for his land.—*Bush v. Fuller*, 173 Ala. 511, 55 South. 1000; *McDevitt v. Lambert, supra.*

There is no error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.