## Salter *v.* Fox.

### *Trespass to Land.*

(Decided December 17, 1914. Rehearing denied January 14, 1915.
67 South. 439.)

1. *Trespass; Quare Clausum Fregit.*—Where the evidence tended
to show that the title to the land was in the defendant, and that
there had been a tenancy at will between the parties, and that plain-
tiff had had notice to quit, but had held possession, claiming adverse-
ly to the landlord, the plaintiff is not entitled to affirmative instruc-
tions in a suit for trespass quare clausum fregit.

2. *Landlord and Tenant; Estoppel of Tenant to Deny Title.*—While
holding under a lease or after its expiration, a tenant is estopped to
deny his landlord's title.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by J. M. Salter against G. W. Fox for dam-
ages for breaking his close. Judgment for defendant,
and plaintiff appeals. Affirmed.

PINKEY SCOTT, for appellant.

GOODWYN & ROSS, for appellee.

DE GRAFFENRIED, J.—This was an action in tres-
pass quare clausum fregit. In the case of *Southern
Railway Co. v. Hayes,* 183 Ala. 465, 62 South. 874, this
court said: "It is a perfect defense to an action of tres-
pass quare clausum fregit to show that defendant owns
the land in question, and that he had, at the time in
question, the right to enter; and the fact that he en-
tered by force, over the protest of plaintiff, does not
destroy his defense. If he uses more force than is nec-
essary and injures the person or the property of the
plaintiff, he is liable in an appropriate action; but that
action is not quare clausum fregit."

[Salter v. Fox.]

(1) In this case there was evidence tending to show that the title of the land described in the complaint was in the defendant; that the possession of the land had been given by the defendant to the plaintiff under such circumstances as to create a tenancy at will; that the defendant had given the plaintiff a proper notice to quit (see *McDevitt v. Lambert,* 80 Ala. 536, 2 South. 438), but that, instead of yielding possession to the landlord, the tenant held to the actual possession of the land and claimed the land adversely to him. As there was evidence tending to show the above facts, this case comes directly within the doctrine above quoted from *Southern Railway Co. v. Hayes, supra,* and the trial court was not in error in refusing to give, at the written request of the plaintiff, affirmative instructions to the jury in his favor.

2. There are certain assignments of error relating to the action of the trial court in the admission of certain testimony on behalf of the defendant. Under the authority of *Southern Railway Co. v. Hayes, supra,* these assignments of error are without merit.

There is no error in the record, and the judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.

### ON APPLICATION FOR REHEARING.

PER CURIAM.—(2) There is evidence in this record which brings the appellant within the familiar doctrine that a tenant is estopped to deny the title of his landlord while holding under a lease or after its expiration. For this reason there was evidence in this case

from which the jury had the right to infer that, as between the appellant (the tenant) and the appellee (the landlord), the title to the land, under the above familiar doctrine of estoppel, was in the appellee. The question presented by this record and the evidence in this record are not identical with the question presented by, and the evidence to be found in, the record in the case of *Salter v. G. W. Fox and Nancy Fox*, 67 South. 1006, which was an action of ejectment.

In our opinion, there is no merit in this application for a rehearing, and the said application is overruled.