# Hart *v.* Coleman.

*Damage for Failure to Repair.*

(Decided April 15, 1915.  68 South. 315.)

1. *Landlord and Tenant; Injury to Tenant; Liability in Tort.*—A landlord is not liable in tort for injuries to a tenant resulting from the landlord's failure to repair, or his breach of an agreement or covenant to repair unless the defect was known to the landlord, and he concealed it from the tenant; hence, a count in an action for injuries to a tenant from the negligent breach of the landlord of his duty arising out of an agreement to repair, which negatived any possibility of concealment, could not be recovered upon.

2. *Same; Pleading; Negativing Contributory Negligence.*—A count alleging occupation by the tenant of rented premises, including a

porch or gallery, and that in consideration of the payment of money the landlord agreed to put the floor in a reasonably safe condition within a reasonable time, the breach of such agreement in proximate consequence of which the floor broke, and the tenant was injured, does not warrant the inference that the injury resulted from the tenant's own act.

3. *Contracts; Defenses; Contributory Negligence.*—From its very nature a plea of contributory negligence is entirely inapt as a defense to a count ex contractu for breach of contract. ·

4. *Landlord and Tenant; Agreement to Repair; Consideration; Liability.*—An agreement between a landlord and a tenant from month to month under a lease, which was silent as to repairs, made during the term upon the threat of the tenant that unless the floor was repaired and made reasonably safe he would not stay, but without any notice effective to terminate the tenancy at a particular terminatory period, or obligating defendant to continue in occupation for any period beyond that for which he was then bound, was without consideration, and would not support the tenant's action ex contractu for personal injuries resulting from its breach.

5. *Same; Month to Month; Termination; Notice.*—Under a lease not expressly terminating a tenancy from month to month, either party may terminate the tenancy at the end of the month, on a month's notice to that effect.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Mary Coleman against Sidney J. Hart. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under section 6, Acts of 1911, p. 450.

The damages are claimed because on June 20, 1913, plaintiff was occupying a house as a residence in the city of Birmingham which plaintiff had rented from defendant, including a porch or gallery, and, in consideration for plaintiff's paying money therefor, defendant agreed within a reasonable time theretofore during the month of May, and before said June 20th, to repair and put in reaonably safe condition the condition of the floor of said porch or gallery, which floor was weak or rotten, and unsafe for the use of such porch or gallery. Plaintiff avers the breach of said contract in

[Hart v. Coleman.]

that defendant failed within a reasonable time to put said floor in a reasonably safe condition, and as a proximate consequence of said breach, while plaintiff was using said floor in said house, said floor broke and gave way, and plaintiff suffered certain damages. The second count sufficiently appears from the opinion.

HALEY & HALEY, for appellant.

HARSH, HARSH & HARSH, for appellee.

McCLELLAN, J.—The plaintiff appellee was defendant appellant's tenant, occupying, as a renter from month to month, a dwelling house to which there was a porch or gallery. The floor of the porch was so thoroughly rotten and defective, at least in part, as that it gave way under plaintiff, causing the injuries described in the complaint. She was injured June 20, 1913.

The case was submitted to the jury on the first and second counts only. The first count is ex contractu, for the alleged breach of an agreement to repair; and the second count is ex delicto, for the alleged negligent breach of a duty arising out of the mentioned agreement to repair.

(1) According to the doctrine of *Anderson v. Robinson,* 182 Ala. 615, 619, 620, 62 South. 512, 47 L. R. A. (N. S.) 330, the general affirmative charge as to the second count was erroneously refused to the defendant. It was there held that the landlord is not liable in tort for injuries to the tenant, his family, or his guests resulting from the failure of the landlord to repair, unless the defect was known to the landlord, and he concealed it from the tenant. The second count affirms an express agreement between the landlord and tenant for repairs by the former of the defect which it is alleged

caused the tenant's injury. Such a count states no cause of action under the mentioned authority; for the count avows a condition of knowledge, on the tenant's part, of the defect that negatives any possibility of concealment by the landlord.

(2) We see no fault in the first count. It does not, on its face, afford any basis for the conclusion that the plaintiff's injury was in consequence of her own act, rather than because of the breach of the contract therein relied on for a recovery.

(3) A plea of contributory negligence is, by nature, entirely inapt as a defense to a count ex contractu for the breach of a contract.

(4) The consideration for the alleged promise of the defendant to repair is averred to have been "plaintiff's payment of rent for said house."

It appears that the defendant's promise or agreement to repair was made after the plaintiff had been defendant's renter by the month (*McDevitt v. Lambert*, 80 Ala. 536, 2 South. 438) for some time; she continuing in the occupancy of the dwelling after her husband's death. She testified: "That prior to the time she was hurt she asked Mr. Hart to fix the place, and that Mr. Hart told her he was going to fix it; that the last time she asked Mr. Hart to fix the place before she was hurt, was about three weeks, she supposed; that on that occasion witness told him if he didn't fix it she couldn't stay, because it was like living out of doors, and that Mr. Hart told her he was going to fix it in a few days; that after Mr. Hart promised to fix the place she continued to stay there until she was hurt; and that she was paying rent by the month."

There is no evidence or claim of a covenant or agreement by the landlord to repair, made at the inception of the relation between these parties.

It was said in *Morgan v. Sheppard*, 156 Ala. 410, 47 South. 149: "If during the term or after the execution of the lease, which is silent as to the landlord's duty to repair, the landlord, without consideration, promises to make repairs, such promise imposes no obligation or liability."

The like doctrine is set down in 1 Tiffany's Landlord and Tenant, at page 583.

A promise by a landlord to repair the rented premises, made pending the tenancy, in response to, or induced by, the assertion or threat of the tenant that he will quit or abandon the premises, or the giving of such a promise to the tenant by the landlord, made during the term, whereby the tenant is induced to relinquish his expressed purpose to abandon the premises before the end of the term, is without consideration, a nudum pactum, and will not support an action in any form. —1 Tiffany, p. 583; *Eblin v. Miller*, 78 Ky. 371; *Proctor v. Keith*, 51 Ky. (12 B. Mon.) 252; *Hall v. Beston*, 26 App. Div. 105, 49 N. Y. Supp. 811, affirmed 165 N. Y. 632, 59 N. E. 1123.

(5) If the contract does not itself expressly terminate a tenancy by the month, it may be terminated by either party upon reasonable notice to that end.—*McDevitt v. Lambert*, 80 Ala. 536, 2 South. 438; *Ross v. Gray Eagle Co.*, 155 Ala. 250, 46 South. 564. Under the tenancy disclosed by the evidence here, a month's notice was essential to terminate the relation at the expiration of one of the monthly periods.—*Harris v. Hill*, 190 Ala. 589, 67 South. 284.

There being no other covenant or agreement asserted than that stated in the plaintiff's testimony claiming to obligate the landlord to repair, it is manifest that the agreement asserted was without supporting consideration, unless the plaintiff had the right to aban-

[Hart v. Coleman.]

don the premises and terminate the relation at her pleasure because of the defective condition, and was prevented from exercising that right, and was induced to continue the relation, by the asserted promise of the landlord to repair.—*Proctor v. Keith, supra; Eblin v. Miller, supra.* The plaintiff was bound to retain the premises during the current month, in which she was injured. She is not shown to have given any such notice as would have terminated the tenancy at any particular terminatory period. She said she would not stay on the premises unless the repairs were made. Her testimony does not show that, even if the repairs were agreed to be made, or were made, she had obligated herself to continue the relation or the occupancy for any period beyond which she was then bound. It does not appear how long she would remain if the repairs were promised or were made, nor that she contemplated engaging to continue the tenancy for any new or succeeding month or other period. Indeed, under her evidence she might have lawfully terminated the relation and all her obligations thereunder even though the repairs had been completely and promptly made. The promise or agreement the plaintiff asserts was without supporting consideration.

The affirmative charge requested for the defendant as to the first count was therefore his due. It was erroneously refused. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.