(76 South. 292)

BROWN v. DWIGHT MFG. CO. (7 Div. 886.)

(Supreme Court of Alabama. June 21, 1917.)

LANDLORD AND TENANT &#8723;152(1)—DUTY TO REPAIR.

The landlord is not required to keep the tenant's premises in repair or condition, in the absence of stipulation, which will not be implied from doing certain work for several months after the renting.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 538, 546, 554.]

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Action by Myrtle Brown, pro ami, against the Dwight Manufacturing Company. Judgment for defendant, and plaintiff appeals. Affirmed.

J. M. Miller, of Gadsden, for appellant. Dortch, Martin & Allen, of Gadsden, for appellee.

SAYRE, J. Plaintiff (appellant) sued defendant for damages, alleging in the several counts of her amended complaint as follows, in substance: That defendant had rented a certain dwelling house to her father, of whose family she was a member; that for many years prior to the rental aforesaid defendant had been accustomed to attend to dry closets which it had constructed and maintained for the occupants of its tenant houses, including the house let to appellant's father; "that the custom of defendant to attend said closets had been so uniform and had existed for such a length of time as to make it the duty of defendant to attend said closets used by plaintiff and members of the family occupying said house;" that for the next three or four months defendant continued to care for "said closets," and then failed or refused to do so, as a proximate consequence of which "said closets" became offensive and unhealthy, and caused plaintiff to become sick, etc. The trial court sustained demurrers to the several counts of the amended complaint, whereupon plaintiff took a nonsuit, reserving her appeal upon the record.

Though a landlord is bound to exercise diligence to prevent injury to the person or property of the tenant of one part of the premises by reason of the condition or use made by him of the other part (1 Tiff. Landl. & Ten. p. 622), in the absence of special stipulation, and apart from the results of latent defects, known to him and concealed from

the tenant, the landlord is under no responsibility to his tenant as regards the condition of the leased premises at the time of the lease, nor is he under obligation afterwards to keep the premises in a condition satisfactory to the tenant. Anderson v. Robinson, 182 Ala. 615, 62 South. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829; Hart v. Coleman, 192 Ala. 447, 68 South. 315; 1 Tiff. p. 574. "The lessee's eyes are his bargain." Moore v. Weber, 71 Pa. 429, 10 Am. Rep. 708.

The evident theory of the complaint is that plaintiff's lessor, the defendant, failed to keep the premises let to plaintiff's father in repair, and that the custom alleged had the effect of importing into the contract of lease a stipulation on the part of defendant to care for the closet on the premises. Assuming that the duty plaintiff would impose on defendant falls within the proper scope of an engagement to make repairs, for plaintiff so contends, and at least a stipulation to do the thing upon a failure to do which plaintiff counts would be in the nature of a stipulation to repair, still the facts alleged fail to show a duty to repair. "The tendency of modern decisions is not to imply covenants which might and ought to have been expressed, if intended. A covenant is never implied that the lessor will make any repairs." Sheets v. Selden, 7 Wall. 423, 19 L. Ed. 166. "That the lessor makes repairs, voluntarily or at the lessee's request, does not tend to show any agreement by him to make repairs." 1 Tiff. p. 582.

So, then, even though plaintiff's action is in tort, her complaint states no duty breached, for that the custom alleged had not the effect to impose any obligation upon defendant, and defendant's demurrer taking the point was well sustained.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.