(93 South. 588)

### HALLOCK v. SMITH. (6 Div. 652.)

(Supreme Court of Alabama. April 27, 1922.
Rehearing Denied May 25, 1922.)

**1. Landlord and tenant ⬳162—Landlord liable only for injuries resulting from latent defects known to him at time of leasing.**

As to the tenant, his guests, servants, or others entering under his title, the landlord, in absence of a covenant to repair, is liable only for injuries resulting from latent defects known to him at the time of the leasing and which he conceals from the tenant.

**2. Action ⬳35—Remedy for enforcing ordinance as prescribed by statute operates as a negation of other remedies.**

Where a power is conferred upon a municipal corporation by statute, and the remedy for enforcing an ordinance pursuant thereto is particularly described, the remedy of enforcement so prescribed operates as a negation of any other remedy.

**3. Landlord and tenant ⬳164(2), 167(3)—Tenant and those entering under his title not members of the public within purview of ordinance requiring repairs.**

Under Acts 1915, p. 294 et seq., empowering a municipality to repair or remove an unsafe building at the owner's expense, after notice to the owner and his failure to do so, the failure to which an ordinance will attach is the failure of the one upon whom the law imposes the duty to repair, and, while an ordinance making it unlawful for an owner to maintain an unsafe building may operate for the protection of the public, a tenant and those entering under his title are not members of the public within its purview.

**4. Landlord and tenant ⬳167(3) — Injured person entering under tenant's title has no better right than tenant.**

One who enters premises under the tenant's title and is injured by failure to repair can have no better right than the tenant against the landlord.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Marie L. Smith against Mary V. Hallock. From a judgment for plaintiff defendant appeals. Transferred from Court of Appeals, under section 6, p. 450, Acts 1911. Reversed and remanded.

Count 1 of the complaint is as follows:

"The plaintiff claims of the defendant $10,000 damages, for that heretofore on, to wit, the 14th day of March, 1921, the defendant owned certain premises in the city of Birmingham, Ala., including a building thereon, to wit, a dwelling house, all known as No. 2121 Zinn avenue, in said city; that by the provisions of section 487 of the Code of the City of Birmingham, Ala., in force and effect on said date, it was provided: 'It shall be unlawful for any person, firm or corporation owning any building or structure in the city of Birmingham, to keep or maintain the same in an unsafe or untenantable condi-

tion. It shall be the duty of every person owning any building or structure in the city of Birmingham to keep the same in a safe and tenantable condition or cause the same to be removed.'

"Plaintiff further avers than on, to wit, the date aforesaid, said building and premises were in the possession of a tenant of the defendant, and that plaintiff was in, on, or around the porch of said building, by invitation of said tenant, when said porch on said building or a part of said porch broke or gave way, causing plaintiff to be thrown or fall, and plaintiff avers that she was greatly shocked, and that her leg, arm, back, and various parts of her body were cut, contused, lacerated, dislocated, sprained, and otherwise injured and damaged; that she was made sick and sore for a long time, and was rendered unable to work and earn money and was caused to lose much time from her work; that she has been disfigured, and permanently injured, and was caused to suffer great mental and physical pain, and will be caused to suffer great mental and physical pain in the future, and was caused to spend large sums of money for care and nursing, medicine and medical attention in and about her efforts to heal and cure her said wounds and injuries.

"Plaintiff avers that her aforesaid injury and damage was proximately caused by the violation of the aforesaid ordinance of the city of Birmingham, Ala., by the defendant, on said date, in this: Defendant failed to keep said building on said premises in a safe condition, and as a proximate consequence plaintiff was thrown or caused to fall on said occasion, and suffer and sustain the injury and damage complained of."

J. H. Ward and J. L. Drennen, both of Birmingham, for appellant.

Landlord is not liable for injuries to a guest of tenant caused by defects in rented premises, unless defects were latent and known to landlord, who concealed them from tenant. 156 Ala. 403, 47 South. 147; 182 Ala. 615, 62 South. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829; 192 Ala. 447, 68 South. 315; 200 Ala. 376, 76 South. 292, L. R. A. 1917F, 997. The ordinance, being in derogation of the common law, must be strictly construed, and its benefits will not be extended to one not clearly intended to be protected thereby. 181 Ala. 570, 61 South. 938; 29 Cyc. 488; 175 Ala. 102, 57 South. 471; 149 Ala. 573, 43 South. 96; 29 South. 592; 72 Neb. 767, 101 N. W. 995, 68 L. R. A. 425; 136 Ind. 431, 34 N. E. 1113, 22 L. R. A. 198.

Smith, Wilkinson & Smith, of Birmingham, for appellee.

The authorities cited by appellant under first proposition are inapplicable to this case. The violation of a city ordinance, causing injury, per se creates a cause of action, and establishes liability. 16 Ala. App. 115, 75 South. 707; 175 Ala. 102, 57 South. 471. The liability of the landlord at common law for failure to repair has no application to this case. Where a standard of duty is fixed and

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defined by law, its omission is negligence per se. 173 Wis. 243, 180 N. W. 844; 139 La. 945, 72 South. 513.

SAYRE, J. Appellee declared against appellant in an action for damages on account of a personal injury. The report sets out count 1 of the complaint. Count 2 requires no special attention.

[1, 2] As to the tenant, his guests, servants, or others entering under his title—including the plaintiff in this case—in the absence of a covenant to repair, the landlord, according to the common law, is liable only for injuries resulting from latent defects, known to him at the time of the leasing, and which he conceals from the tenant. This rule is well established in this jurisdiction. Morgan v. Sheppard, 156 Ala. 403, 47 South. 147; Anderson v. Robinson, 182 Ala. 615, 62 South. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829; Hart v. Coleman, 192 Ala. 447, 68 South. 315; Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 South. 292, L. R. A. 1917F, 997. And such is the rule elsewhere (24 Cyc. 1114), unless the law of Louisiana furnishes an exception. Boutte v. New Orleans Terminal Co., 139 La. 945, 72 South. 513. This rule, of course, is founded upon the reason and justice obtaining in the ordinary relation between landlord and tenant. Section 24 of the Act of August 20, 1915 (Acts, p. 294 et seq.), provides that—

"Such cities"—meaning Birmingham—"may require that all buildings and structures therein be kept in a safe and tenantable condition or be removed, and they may provide for a condemnation of buildings * * * when the same are unsafe," etc.

And the same section provides, thus further defining the legislative purpose, that upon the failure of any person, "whose duty it may be, to remedy any unsafe, unsanitary, or dangerous condition of any building," or remove the same, upon notice to be prescribed by the city, the municipal authorities may proceed to repair or remove at the expense of the owner. Section 487 of the Municipal Code of Birmingham makes it "unlawful for any person, firm or corporation owning any building * * * to keep or maintain the same in an unsafe or untenantable condition," and makes it the duty of every person owning any building or structure in the city to keep the same in a safe and tenantable condition or to cause the same to be removed. This ordinance is made for the benefit of the public, in derogation of private right, and is not to be extended as to persons or remedies beyond the clear language of the statute. In accordance with the general rule that where a power is conferred upon a municipal corporation to be exercised in a manner particularly described, it follows that where the charter—in this case the act of August 20, 1915—provides the manner in which ordinances are to be enforced, such provision is to be construed as excluding any other manner. The remedy of enforcement prescribed operates as a negation of any other. McQuillin, Mun. Ord. § 169.

[3, 4] It is to be observed that the ordinance undertakes by its terms to impose duty, and liability resulting from default, upon the owners of buildings; whereas the statute authorizes an ordinance prescribing the penalty of repair or removal by municipal authorities at the owner's expense, after notice, in the case of a failure on the part of "any person, firm or corporation whose duty it may be to remedy * * * or to remove * * * upon such notice as may be prescribed"—meaning, we think, that the failure to which a municipal ordinance may attach the stipulated consequences must be the failure of the person upon whom the law imposes the duty to repair—ordinarily, we may concede, the owner. But here we have the case of premises let to a tenant by contract, made by defendant's predecessor in title, and which, for aught appearing, vested the exclusive right to possession in the tenant, leaving also the duty of repair on him. Authorities, supra. Plaintiff was a guest of the tenant, claimed the right to be on the premises under the tenant's title, and can have no better right than the tenant. We would be unwilling to hold that the tenant, in the circumstances here shown, could maintain an action for damages against his landlord. So, while the ordinance may operate for the protection of the public against nuisances allowed upon premises within its territory, the tenant in this case, his guests, servants, or others entering under his title, are not members of the public within its purview.

We have not attempted to follow the question here presented into all its ramifications, but confine our observations to the necessities of the case shown by the pleadings. The demurrer to the complaint should have been sustained; the demurrer to defendant's special plea 6, raising much the same question, should have been overruled—had the case properly progressed to that point.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.