## ATLANTIC COAST LINE R. CO. v. DEAVERS. (3 Div. 460.)

(Court of Appeals of Alabama. Oct. 30, 1923.)

**Landlord and tenant ⌐169(3)—Complaint in action for damages from fire held demurrable.**

A complaint alleging that plaintiff was an employee of defendant railroad and "that defendant was then and there furnishing him a dwelling house, * * * that defendant * * * negligently allowed its said dwelling house so furnished to plaintiff to become out of repair, * * * so that the same would be liable to or readily ignite from sparks ejected from defendant's locomotive engines, * * * that as a proximate consequence of said negligence, * * *" plaintiff's furniture and property were destroyed by fire, held demurrable for failure to show any duty of defendant to keep the dwelling house in repair or that the condition of the premises were concealed from plaintiff.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge..

Action by Alfred Deavers against the Atlantic Coast Line Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 3 of the complaint is as follows:

"3. Plaintiff claims of the defendant corporation the further sum of $1,500 damages for that on heretofore, to wit, 25th day of July, 1922, the defendant owned and operated a railroad in the county of Montgomery, state of Alabama, and in connection therewith operated steam engines thereon in said county and state, and plaintiff avers that on, to wit, said day and date he was in the employ of the defendant, and that defendant was then and there furnishing to him a dwelling house, a place to live and keep and shelter his (the plaintiff's) household goods, furniture and personal property described in the first count of the complaint, which said dwelling house of the defendant was located on defendant's right of way at, to wit, Snowdoun, Montgomery county, Ala., at or near its railroad track on which defendant operated locomotive engines, and plaintiff alleges that defendant then and there negligently allowed its said dwelling house, so furnished to the plaintiff, to become out of repair, the roof thereon to be decayed and rotten and of inflammable material, to wit, decayed shingles, so that same would be liable to or readily ignite from sparks ejected from the defendant's locomotive engines passing along by or near said house on the defendant's railroad at said Snowdoun, Montgomery county, Ala., and the plaintiff alleges that as a proximate consequence of said negligence aforesaid the defendant's said dwelling house so furnished to the plaintiff in which said plaintiff's household goods and property was on, to wit, said day and date set on fire and burned by sparks from one of defendant's said engines and plaintiff's household goods, furniture, and property aforesaid was wholly consumed and destroyed, all to the plaintiff's damages in the sum aforesaid."

Arrington & Arrington, of Montgomery, for appellant.

To constitute negligence, there must be a duty owing, and a complaint is bad which fails to set up facts from which a duty springs.

L. A. Sanderson, of Montgomery, for appellee.

The use of the word "negligence" in the complaint presupposes a breach of duty. Rep. I. & S. Co. v. Williams, 168 Ala. 612, 53 South. 76.

BRICKEN, P. J. The appellant demurred to the third count of the complaint, on the ground, among others, that the facts alleged did not show the violation of any duty on the part of the defendant to the plaintiff and a failure of the count to show that the negligence alleged was actionable.

The opinion here prevails that the demurrer to this count of the complaint should have been sustained. The count shows no duty on the appellant to keep the dwelling house in repair. For aught appearing, the appellee was a tenant by curtesy or at will, and there is nothing in the complaint that shows any duty on the landlord to repair, or that the condition of the premises was concealed from the tenant. Hart v. Coleman, 192 Ala. 447, 68 South. 315; Anderson v. Robinson, 182 Ala. 615, 62 South. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829; Morgan v. Sheppard, 156 Ala. 403, 47 South. 147; Hallock v. Smith, 207 Ala. 567, 93 South. 588.

Under the authorities cited the third count of the complaint states no cause of action because the negligence alleged is not actionable. Tenn. Coal, Iron & R. Co. v. Smith, 171 Ala. 251, 55 South. 170; L. & N. R. Co. v. Holland, 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25; Crawford v. McMickens, 190 Ala. 102, 66 South. 712.

The other questions may not arise on subsequent trial.

Reversed and remanded.