(98 South. 781)

**SMITH v. HALLOCK. (6 Div. 14.)**

(Supreme Court of Alabama. Jan. 17, 1924.)

**1. Landlord and tenant ⟨⟶162—When landlord not liable for injury from defects notwithstanding covenant to repair stated.**

A landlord, notwithstanding covenant to repair, is not liable in tort for injury to the tenant, or any one entering under his title, from defects in the premises, unless they existed at the time of the letting, and the landlord knew of them and concealed them from the tenant.

**2. Landlord and tenant ⟨⟶169(3)—Counts of complaint for injury from defects in premises held to charge tenant with knowledge of defects.**

Counts of complaint in tort against landlord for injury, to one entering under tenant, from defect in premises, by setting up landlord's agreement to repair the defect, in effect charges the tenant with knowledge of defect, negativing landlord's liability.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Marie L. Smith against Mary V. Hallock, for injuries to plaintiff in falling through the porch of premises owned by defendant and rented to a third party. Demurrers to the complaint were sustained, plaintiff declined to plead further, and there was judgment for defendant, from which plaintiff appeals. Affirmed.

See, also, Hallock v. Smith, 207 Ala. 567, 93 South. 588.

Horace C. Wilkinson, of Birmingham, for appellant.

Where a landlord enters into an express agreement with a tenant, at the time the premises are rented, to repair an existing

defect, and a third party is injured as a result of the failure to comply, such third party may maintain an action directly against the landlord, and thus avoid circuity of action. Milford v. Holbrook, 9 Allen (Mass.) 17, 85 Am. Dec. 735; Gridley v. City of Bloomington, 68 Ill. 47; Benson v. Saurez, 43 Barb. 408; Flood v. Pabst Brewing Co., 158 Wis. 626, 149 N. W. 489, L. R. A. 1916F, 1101; Hansman v. W. U. Tel. Co., 144 Minn. 56, 174 N. W. 434.

J. H. Ward and J. L. Drennen, both of Birmingham, for appellee.

No brief reached the Reporter.

ANDERSON, C. J. This case has been before this court before, and, as to counts 1 and 2 of the complaint, we adhere to the opinion on former appeal. Hallock v. Smith, 207 Ala. 567, 93 South. 588. The question was then carefully considered and reconsidered on application for rehearing. and, while we are aware of the statute forbidding the rule of stare decisis upon a subsequent appeal of the same case, we are convinced that the former opinion is sound and should not be overturned.

[1, 2] Counts 3, 4, and 5, added by way of amendment, seek to establish a tort growing out of a breach of covenant on the part of the defendant to repair the porch, made with her tenant when letting the premises, but fail to show a breach of duty, as distinguished from a breach of contract, which would authorize an action of tort by the tenant, his family, guest, or any one entering under him. In the case of Anderson v. Robinson, 182 Ala. 615, 62 South. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829, this court, following what it deemed the sounder rule and weight of authority, adhered to the rule that a landlord is not liable in tort for injuries to the tenant, his family, servants, guests, or others entering under his title from defects in the demised premises, even where there is a covenant to repair, unless it appears that the defects existed when the premises were let, and that the landlord had knowledge of them and concealed them from the tenant. The counts now, under consideration not only fail to aver the tenant's ignorance of said defect, but set up an agreement to repair, thus, in effect, charging the tenant with a knowledge of same. Hart v. Coleman, 192 Ala. 447, 68 South. 315.

The trial court did not err in sustaining the defendant's demurrer to each count of the complaint, and the judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.