175 So. 566

### LUSCO v. JACKSON.

### 6 Div. 7.

Court of Appeals of Alabama.

June 29, 1937.

532

James W. Conrad Jr., of Birmingham, for appellant.

J. R. Johnson, of Birmingham, for appellee.

SAMFORD, Judge.

The defendant was the owner of several dwelling houses in the city of Birmingham, among which was No. 303 North Twenty-Sixth street. The plaintiff, desiring to rent the above house, went to the store of defendant's son-in-law, and from him contracted to rent the premises at, and for, a stipulated price of $15 per month; $3.75 of which was to be paid cash and $3.75 per week. Acting upon this rental contract, the plaintiff moved into the house without having had any conversation with the defendant regarding the rental. "His son-in-law said the house was in pretty condition inside, and promised to fix the porches up." "I never did talk with Mr. Lusco (the defendant) about the house before I moved in it." After the plaintiff moved into the house, subsequent transactions were had with the defendant; and plaintiff testified that the defendant agreed to fix the porches. On May 1st, according to the testimony of the plaintiff, she fell through a hole in the back porch, caused by a rotten sill and the displacement of a plank, injuring her knee and hip. The injury was testified to as being severe by the plaintiff and one of her witnesses, and of very minor nature by the attending physician.

There is no evidence, in this record, that the defendant ever agreed to repair the porch prior to the time that the plaintiff moved into the house; nor, is there any evidence tending to prove that his son-in-law, who rented the house to plaintiff, ever informed defendant that there was any agreement to repair the house in any particular.

The question of moment on this appeal resolves itself into whether, under the evidence, the defendant is liable to the plaintiff for an injury sustained by her in falling through the floor of the back porch, when no agreement had been made, or entered into, by the defendant to repair the same prior to the contracted rental to the plaintiff.

It is the general and well-recognized rule in this state that in the absence of any agreement between the parties at the time a rental contract is entered into, the landlord is under no obligation to keep the demised premises in repair, and the rule of caveat emptor applies to such leases. Bains v. Dank, 199 Ala. 250, 74 So. 341.

It is also a well-settled rule in this state that in the absence of special stipulation, and apart from the results of latent defects, known to him and concealed from the tenant, the landlord is under no responsibility to his tenant as regards the condition of the leased premises at the time of the lease, nor is he under obligation afterwards to keep the premises in a condition satisfactory to the tenant, or safe for his occupancy. Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L.R.A.1917F, 997.

A subsequent agreement by which the landlord agrees to repair must be supported by a valuable consideration apart from that of the lease, and in the absence of such consideration a promise to repair would be a mere nudum pactum, and will not support an action in any form. Hart v. Coleman, 192 Ala. 447, 68 So. 315, and authorities cited.

This brings us to a consideration of the question as to how far the agency of defendant's son-in-law could bind the defendant in the premises. There is no evidence in this record of a general agency on the part of the son-in-law of this defendant. In fact, the only evidence tending to prove that the son-in-law was the agent rests in the fact that after the rental contract had been made, the defendant ratified it to the extent of undertaking to collect the rent. And this could be a ratification only of a contract of rental in its ordinary sense without any extra warranty on the part of the defendant; unless it should be further shown that the defendant had a full knowledge at the time of ratification of the agreement to make the repairs to the porch and circumstances relative to the unauthorized act or transaction. 2 Corpus Juris, 476 (93) 5. There is no evidence in this case that the defendant ever authorized his son-in-law as his agent to rent any of his property, and there nowhere appears any evidence that with a full knowledge on the part of the defendant that his son-in-law had agreed to repair the porch, ratified the same with a full knowledge of all of the facts. It is consistently held in this state that the ratification of an unauthorized act, to be binding must be made with full knowledge of all material facts; and when a party relies upon ratification by acquiescence, the burden is upon him to prove it—knowledge of all material facts to be an essential element thereof, Moore v. Ensley, 112 Ala. 228, 20 So. 744.

In the case of Hart v. Coleman, 192 Ala. 447, 68 So. 315, in a case very similar to the case at bar, in which is cited the case of Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L.R.A.(N.S.) 330, Ann.Cas. 1915D, 829, it was held that the general affirmative charge as to a count in tort was erroneously refused, and in which it was stated that the landlord is not liable in tort for injuries to the tenant, his family or his guests, resulting from the failure of the landlord to repair, unless the defects were known to the landlord and he concealed it from the tenant.

In the instant case, it is not pretended that the landlord knew of the defect, or that there was any concealment on his part; and there is no evidence, even conceding the agreement to repair the porch, which is denied by the defendant, authorizing a verdict for the plaintiff in this case.

The foregoing being decisive of this appeal, it becomes unnecessary to pass upon other questions presented.

For the error in refusing to the defendant the general affirmative charge as requested, the judgment is reversed and the cause is remanded.

Reversed and remanded.