# Horton v. Miller & Bro.

### *Attachment Suit by Landlord against Tenant.*

84  537
99  340
84  537
118  260
118  264
84  537
134  578

1. *Attachment in justice's court; defects in affidavit.*—On appeal to the Circuit Court, in an attachment case commenced in a justice's court, advantage can not be taken of defects in the affidavit which were not objected to before the justice of the peace.

2. *Variance between affidavit and amended complaint.*—When an attachment is sued out by a landlord before a justice of the peace, on a claim for advances made to his tenant (Code of 1886, § 3075), and, on appeal to the Circuit Court, an amended complaint is filed containing only the common counts, the variance between it and the affidavit is good matter for a plea in abatement.

3. *When claim for advances matures.*—A landlord's claim for advances becomes due and payable, unless otherwise stipulated, on the 25th December (Code of 1886, § 3057); but, when there is an agreement that the advances shall be paid out of the crop, the claim matures when the crop is marketed, or is ready for market.

4. *Recoupment of damages on account of landlord's breach of contract.* The failure of the landlord to furnish the quantity of land or the number of horses or mules which he agreed to supply, is a breach of contract on his part, for which the tenant may claim a recoupment of damages in an action to recover for advances made.

5. *Testimony of party as to book-entries.*—In an action on account by a partnership, one partner can not testify to entries on the books made by the other, unless he knows their correctness.

APPEAL from Cherokee Circuit Court.

Tried before Hon. JOHN B. TALLY.

This was an action brought by the appellees, T. G. Miller & Bro., against the appellant, A. J. Horton, for the recovery of advances made the defendant, as tenant, by the plaintiffs, as landlords, for the purpose of enabling him, the defendant, to make a crop. The suit was commenced by attachment issued from a justice of the peace's court. There judgment was rendered for the plaintiffs, and the case was taken to the Circuit Court by *certiorari*, and this appeal is now brought from the Circuit Court.

The original complaint, as filed in the Circuit Court, sought to recover as a landlord from his tenant for advances made to him during the year. By leave of the court, the plaintiffs amended the original complaint, by striking out the words "as his tenant," thereby abandoning the claim as landlord, and claiming a recovery on account stated, and for

goods sold and delivered. The defendant objected to this amendment of the complaint by plaintiffs; but the court overruled his objection, allowed the amendment to be made, and the defendant duly excepted. The defendant then asked leave of the court to file a plea in abatement on the ground that there was a variance between the affidavit on which the attachment was issued and the amended complaint. The court refused to entertain this plea in abatement, and the defendant excepted. The defendant then pleaded the general issue, payment, set-off, and recoupment. The defendant's plea of recoupment set up in defense of the action sought to recoup for damages done him by the plaintiffs' failing to comply with their contract of tenancy—alleging in said plea that the plaintiffs refused to let the defendant cultivate five acres of the land which they had agreed to do, and failed to supply him, the defendant, with two good horses, according to the terms of the agreement. On motion by the plaintiffs to strike the said plea of recoupment from the file on the ground that it was no answer to the complaint, the court granted the motion, against the objection of the defendant; and the defendant excepted.

On the trial of the cause, it was shown that the plaintiffs and defendant had entered into an agreement for the defendant to work a certain tract of land belonging to the plaintiffs, and that the plaintiffs were to advance to the defendant during the year; that the plaintiffs did so advance to him, and that the defendant did not meet the whole of the indebtedness so incurred to the plaintiffs. There was some conflict as to the time when the defendant was to pay for the advances so obtained. The plaintiffs introduced in evidence certain orders given at the defendant's request, one of which was signed by T. G. Miller, and the other by J. P. Miller, and were directed to one P. S. Elliott. The defendant objected to the introduction in evidence of these orders, on the ground that they were signed by T. G. Miller and J. P. Miller as individuals, and not by the firm name. The court overruled the defendant's objection, and the defendant excepted. The plaintiffs proved that these orders were orders of the partnership for the use of the defendant. Upon examination of T. G. Miller, one of the plaintiffs, being shown a book, he testified that the entries in the book were correct; that he had made some of the entries, and that his brother had made the others. The defendant objected to the witness testifying anything about the entries in the book made by his brother. Upon the defend-

[Horton v. Miller & Bro.]

ant attempting to prove that the plaintiffs had not fulfilled their agreement as to amount of land he was to have, and the two good horses he was to be given with which to cultivate the crop (in substantiation of the plea of recoupment), the plaintiffs objected, and the court sustained their objection. There was a number of charges asked to be given, but as the opinion says nothing about them, it is not considered necessary to set them out.

J. L. BURNETT, for appellant.

WALDEN & SON, *contra.*

STONE, C. J.—This suit was commenced by attachment, and is governed by §§ 3056 (3467) and 3075 (3479), Code of 1886. The affidavit for attachment is very defective, and if the objection had been raised at the proper time, the attachment ought to have been dissolved. It is not shown, however, that the question was made before the justice of the peace. It was too late to raise it after the case was carried to the Circuit Court by appeal.—*Slaggers v. Washington*, 56 Ala. 225.

But the appeal did not change the character of the suit. It was still an attachment proceeding, instituted under §§ 3467, 3480 of the Code of 1876. Only such right could be asserted as is conferred by § 3479 of that Code; and to justify its maintenance, the statutory conditions must have existed, and must have been substantially set forth in the complaint.—Code of 1876, § 3479; Code of 1886, § 3075. The plea in abatement filed to the complaint, ought to have been entertained.—*Wright v. Snedecor*, 46 Ala. 92; *Summerlin v. Dowdle*, 24 Ala. 428.

In *Mooney v. Hough*, at the present term, 84 Ala. 80, we had occasion to consider and construe § 3075 (3479) of the Code of 1886, and to determine its extent. We refer to that case as an interpretation of the statute, and we do not propose to repeat what we then said.

Code of 1886, § 3057 (3468): "Unless otherwise stipulated, such rent and advances shall become due and payable on the 25th day of December of the year in which the crop is grown." This section applied to the claim we are considering; but if there was an agreement that the advances should be paid out of the crop, the claim for balance of advances would mature when the crop was marketed, or ready for market.

The defense of recoupment ought to have been entertained. If by the terms of the agreement Miller & Bro. agreed to furnish land which they did not furnish, or to furnish two good horses, and furnished inferior ones, either of these was a breach of their contract, the actual damages resulting from which furnishes ground of defense.— *Wilkinson v. Ketler*, 59 Ala. 306; *M. & M. Railway Co. v. Clanton, Ib.* 392; *Wilkinson v. Keller*, 69 Ala. 435; *Culver v. Hill*, 68 Ala. 66; *Vandegrift v. Abbott*, 75 Ala. 487; *Sledge v. Swift*, 53 Ala. 110.

T. G. Miller should not have been allowed to testify to entries made in the books by his brother, unless he had knowledge that the sales were actually made, or, unless he could show in some other way that he knew the entries spoke the truth.

As to the orders, and in whose name they were drawn, that was immaterial, provided the goods obtained under them were an advance by Miller & Bro. That would be the case, if the articles furnished under them either belonged to Miller & Bro., or were supplied on their joint account.

What we have said will be sufficient guide for another trial, without commenting on the charges given and refused.

Reversed and remanded.