# Perryman & Co. v. Smith *et al.*

*Action to recover Statutory Penalty for Failure to enter Partial Payment on Mortgage Record.*

1. *Mortgagor and mortgagee; sufficiency of notice to enter partial payment on mortgage record.*—Where a mortgagor serves a written notice upon his mortgagee in which he requests the latter to "release and mark satisfied on the probate records of the county the mortgage" as to a certain designated part of the property embraced in the mortgage, in accordance with his agreement at the time a partial payment was made to him, said notice is not such a notice as the statute requires, and is ineffectual to render the mortgagee liable for the statutory penalty (Code, § 1868) for failing to enter on the record of the mortgage a partial payment, after being requested in writing to do so.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES J. BANKS.
This was an action by Effie May Smith and her hus-

band, John I. Smith, against Perryman & Company, to recover the statutory penalty, as provided under section 1868 of the Code, for the failure to enter a partial payment on the margin of the record of a mortgage.

The testimony for the plaintiffs tended to show that Effie May Smith, together with her husband, John I. Smith, had executed a mortgage to Perryman & Company, upon four certain lots in Cleveland, a suburb of Birmingham, to secure a note of one hundred dollars; that upon the payment by Effie May Smith of twenty-five dollars, Perryman & Company agreed to release one of the lots, numbered 261, from the mortgage; and that in accordance with said agreement, Effie May Smith and John I. Smith, her husband, made a written demand upon Perryman & Company to release said lot. This demand was in words and figures as follows: "Birmingham, Ala., January 27th, 1894. Perryman & Company, Gentlemen: Kindly release and mark satisfied on the probate records of the county the mortgage on lot 261, Powell's addition to Birmingham, Jefferson county, executed by John I. Smith and E. M. Smith to secure note for $100 as per agreement and receipt for $25 made by you on second of February, 1893. The said mortgage was made payable to you as mortgagee. [Signed] Effie May Smith, John I. Smith." Upon the offer of the plaintiffs to introduce this written instrument in evidence, the defendants objected to its introduction, upon the ground that it was not such a notice as was required by the statute, and because it was irrelevant and immaterial. The court overruled the defendants' objection, and the defendants duly excepted. The evidence for the plaintiffs further tended to show that there was never entered upon the margin of the record book in the probate office, in which the mortgage was recorded, any credit or any partial payment.

The testimony for the defendants tended to show that in compliance with the request of the plaintiffs to release said lot 261 from the mortgage given by the plaintiffs to defendants, the defendants entered a release of said lot upon the margin of the record in which the mortgage was recorded, and that subsequently this marginal entry had been erased.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence,

judgment was rendered for the plaintiffs in the sum of $200. The defendants appeal, and assign as error the rendition of this judgment.

JOHN H. MILLER, for appellant.

CHARLES B. POWELL, *contra*, cited *Jordan v. Mann*, 57 Ala. 597; *Steiner & Bro. v. Snow*, 80 Ala. 45; *Fields .v. Helms*, 70 Ala. 460.

HARALSON, J.—By section 1868 of the Code, a mortgagee whose mortgage is recorded, and who has received partial payment on it, must, on request of the mortgagor in writing, enter on the margin of the record of the mortgage, the date and amount of such partial payment or payments; and if, for thirty days after request, he fails to make such entry, he forfeits to the party making such request, two hundred dollars.

The facts alleged in the complaint to entitle the plaintiff to recovery, seem to have been satisfactorily established, if the paper set out in the record, relied on as a notice to the mortgagees, to enter on the margin of the record of the mortgage, the date and amount of the partial payment made on the mortgage debt, is sufficient. We are constrained to hold, however, that this paper was not a notice, such as the statute requires, to enter a partial payment on the record, which, when made, goes *pro tanto*, as a relief to all the property in the mortgage; but rather, a notice *to release* lot 261 from the mortgage, and satisfy it entirely as to that lot, without the payment having any reference to the other property embraced therein, a requirement which is not within the statutory provision, as to entering partial payments.

Whatever may be the liabilities of defendants to plaintiffs, for a failure to release said lot from the mortgage, that does not constitute a sufficient reason for enforcing the statutory penalty for a failure to enter a partial payment, in the absence of the specific notice to do so, required by the statute in such cases. No particular form of words, it is true, is necessary; but to come up to the requirements of the statute, the notice must be sufficiently definite to inform the mortgagee that entry of the partial payment is desired, and that the statutory duty is required of him.— *Steiner & Bro. v. Snow*, 80 Ala. 45.

[Jeffersonian Publishing Co. v. Hilliard.]

The judgment of the court below is reversed, and one will be here rendered in favor of the defendants.

Reversed and remanded.