# Clark *v.* Wright, Henderson & Rainer.

*Action to recover the Statutory Penalty for Failure to enter Payment on Mortgage Record.*

1. *Mortgagor and mortgagee; sufficiency of notice to enter payment on mortgage record.*—A written notice from a mortgagor to a mortgagee, after the payment of the mortgage debt, that "I want you to take my note off the record," is not such a notice as the statute requires; and is insufficient and ineffectual to render the mortgagee liable under the statute (Code, § 1066), for the failure on his part to enter upon the record of the mortgage the fact of payment after being requested in writing to do so.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. J. W. FOSTER.

This was an action brought by the appellant, J. W. Clark, against the appellees, Wright, Henderson & Rainer, to recover the statutory penalty of two hundred dollars, for the failure of the defendants to enter upon the margin of the record, the payment of a mortgage made by the plaintiff to the defendants. The cause was tried on issue joined on the plea of the general issue.

The plaintiff introduced in evidence a mortgage, which was given by him to the defendants, and proved that said mortgage had been paid. After proving that such notice had been served upon the defendants, the plaintiff then introduced in evidence the following written notice, which was dated February 3, 1898: "Wright, Hender-

son & Rainer.   Dear Sir:—I want you to take my note off the record, and oblige, J. W. Clark." The defendant objected to the introduction of this notice in evidence, and moved the court to exclude it from the jury, on the ground that it was insufficient, and not such a notice as would inform the defendants of the paper referred to, and that it was too indefinite and not such a notice as is required by law. The court granted this motion, and excluded said notice from the jury.

The court at the request of the defendants, gave the general affirmative charge in their behalf, and to the giving of this charge the plaintiff duly excepted. There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the ruling of the court upon the evidence, and the giving of the general affirmative charge for the defendants.

BRICKEN & BRICKEN, for appellant.—The notice in this case was sufficient. Under the statute no particular form is necessary, and all that is required is simply to inform the mortgagee what is the mortgage referred to.—*Jordan & Sons v. Mann.* 57 Ala. 595; *Steiner & Bro. v. Snow,* 80 Ala. 45; *Loeb v. Huddleston,* 105 Ala. 257.

RUSHTON & POWELL, *contra.*—The notice offered in evidence is not such a notice as would inform the appellees, defendants, of the paper referred to. It is too indefinite and is not such a notice as is required by law. It is no notice at all to mark mortgage satisfied.—Code, § 1065; *Perryman v. Smith,* 105 Ala. 575; *Steiner & Bro. v. Snow,* 80 Ala. 45.

TYSON, J.—The statute requires a mortgagee whose mortgage has been fully paid or satisfied, when the mortgage is of record, on request in writing of the mortgagor, to enter the fact of payment or satisfaction on the margin of the record of the mortgage. If he fails for two months after such request to make such entry, he forfeits to the mortgagor two hundred dollars, unless there is pending or there is instituted a suit within that time in which the fact of payment or satisfaction is or may be contested.—Code, § 1066.

It has been repeatedly decided that no particular form of words is necessary to constitute a sufficient request.

The statute requires that the written notice should contain words such as to reasonably inform the mortgagee that the performance of the statutory duty is requested. No such duty of performance arises where the language used, as here, simply informed him under the most favorable construction of the words employed that it was a cancellation of a note upon the record that was desired by the mortgagor.—*Steiner v. Snow,* 80 Ala. 45; *Perryman v. Smith,* 105 Ala. 573.

There was no error committed by the trial court in excluding the written notice, and in giving the affirmative charge for defendants.

Affirmed.