# Henderson *et al. v.* Wilson.

*Action to recover Statutory Penalty for Failure to enter Satisfaction on Margin of Mortgage Record.*

1. *Action to recover statutory penalty for failure to enter satisfaction on margin of record; sufficiency of notice.*—In an action brought by a mortgagor against his mortgagee, to recover the statutory penalty for a failure to enter satisfaction upon the margin of the record of his mortgage, after being requested in writing so to do, a written request signed by the plaintiff "and wife," directed to the defendant, in which he is asked to "go to the probate's office, * * * and mark the mortgages and notice you hold open there against me satisfied on the record," is a sufficient request upon which to predicate the mortgagee's liability for failure to enter satisfaction on the margin of the record of a mortgage, executed by the plaintiff alone. (TYSON, J., *dissenting.*)

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellee, W. J. Wilson, against the appellants, J. E. and W. E. Henderson, to recover the statutory penalty of two hundred dollars, for the failure to enter satisfaction upon the margin of the record of a mortgage, executed by the plaintiff to

defendants, after being requested so to do in writing. The cause was tried upon issue joined upon the plea of the general issue.

Upon the trial of the case, the plaintiff introduced in evidence a mortgage which was given by him to the defendants. This mortgage was signed by "W. J. Wilson" alone, and was duly recorded in the probate judge's office. After identifying the request in writing, the plaintiff offered to introduce such request in evidence. This request is copied in the opinion. The defendants objected to the introduction in evidence of this notice or request, upon the ground that the mortgage was signed by W. J. Wilson alone and not by "W. J. Wilson and wife," as was the notice and request, and that such notice was illegal and irrelevant.

The court overruled the objection and the defendant duly excepted. The evidence showed that the mortgage which was introduced in evidence was paid to the defendants prior to the delivery of the notice, and that the notice or request was delivered to the defendants, and they had notice thereof at least six months before the institution of the suit.

There was evidence introduced by the defendants which showed that during the year in which the mortgage introduced in evidence was executed, there were three mortgages given by plaintiff to the defendants. Two of these mortgages were signed by W. J. Wilson and Elizabeth Wilson, his wife, and the one desribed in the complaint was signed by W. J. Wilson alone. The evidence further showed that these mortgages were recorded in the probate judge's office.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the general affirmative charge in his favor. To the giving of this charge the defendants duly excepted, and also excepted to the court's refusal to give the general affirmative charge in their behalf as requested.

There were verdict and judgment for the plaintiff, assessing his recovery at two hundred dollars. From this judgment the defendants appeal, and assign as error the

[Henderson *et al.* v. Wilson.]

several rulings of the trial court to which exceptions were reserved.

FOSTER, SAMFORD & CARROLL, for appellants, cited *Horton v. Barlow,* 108 Ala. 417; *Steiner v. Snow,* 90 Ala. 45; *Harris v. Swanson,* 67 Ala. 486.

L. D. GARDNER and A. C WORTHY, *contra.*—This court has repeatedly decided that no particular form is required for the request, but that the requirements of the statute are fully met when the same places the mortgagee on notice that the statutory duty is required of him. The language used in this notice must certainly meet all requirements of law.—*Steiner v. Snow,* 80 Ala. 45; *Dothan Guano Co. v. Ward,* 132 Ala. 380.

TYSON, J.—This action is brought to recover the statutory penalty of two hundred dollars for an alleged failure to enter satisfaction upon the margin of the record of a mortgage executed by plaintiff to the defendants, after a request in writing to do so.—Acts, 1898-99, p. 26.

The chief important question presented is the sufficiency of the written request. It is in this language: "April 28, 1902, J. E. and W. E. Henderson. Please go to the probate's office in Coffee county, Ala., and mark the mortgages and notes you hold open there against me satisfied on the record and oblige.

"W. J. Wilson and wife."

While it is true that no particular form of words is necessary to constitute a sufficient request, yet I apprehend that the language employed should indicate with reasonable certainty what mortgage of record is demanded to be satisfied; and this, of course, includes by whom executed. The penalty should never be enforced if the request is in such dubious or doubtful language as that the mortgagee, on the face of the paper, is not reasonably informed what is demanded of him. Whether the request under consideration was to satisfy on the margin of the record *mortgages* and *notes* executed to defendants by the plaintiff alone, or those executed by

the wife alone, or those executed by the plaintiff and wife jointly, is certainly not clear.

The use of the personal pronoun *me* would seem to indicate that it was the purpose to demand a satisfaction on the record of mortgages and notes held by the defendants which were executed by plaintiff alone or by his wife alone. To which of these persons the word *me* refers, whether to the plaintiff or his wife is matter of pure conjecture. If by construction it can be said that *"me"* should read as *"us,"* the request clearly has reference to mortgages executed jointly by the plaintiff and wife, and there could be no recovery.

So, then, confining any consideration of the sufficiency of the request to the face of the paper, I feel constrained to hold it is too ambiguous to predicate a penal liability upon; too indefinite and uncertain to inform the mortgagees that an entry of satisfaction was demanded on the record of the mortgage executed by the plaintiff alone.—*Perryman v. Smith,* 105 Ala. 573; *Clark v. Wright,* 123 Ala. 594; *Lamar v. Smith,* 129 Ala. 418; *Chatt. National Building & L. Assn. v. Echols,* 125 Ala. 548.

The request in *Dothan Guano Co. v. Ward,* 132 Ala. 380, is clearly unlike the one under consideration, and what is there said as to its sufficiency in no wise conflicts with the views I have expressed.

The conclusion I have reached is rather emphasized than otherwise, when the fact is taken into consideration that defendants held two mortgages which were executed by plaintiff alone.

The foregoing expresses the individual views of the writer as indicated by the context. The other members of the court hold the request sufficient. They have also considered the other questions raised by the assignments of error and find no error in the record.

Affirmed.

Tyson, J., *dissenting.*