# Hoffman v. Moreman & Webb.

### *Assumpsit.*

(Decided December 4, 1913.   63 South. 942.)

1. *Contracts; Consideration; Modification of Existing Agreement.*—
Where, upon the delivery of the cotton seed meal which plaintiff had
contracted to exchange with defendant for cotton seed, plaintiff
agreed to accept back the meal and defendant agreed to pay the dif-
ference in value between the cotton seed and the cotton seed meal,
the agreement of defendant was without consideration, unless it was
intended as a novation in discharge of the obligation growing out of
the original contract.

2. *Same; Complaint; Sufficiency.*—Where the complaint alleged
that defendant agreed with plaintiff to exchange cotton seed for
cotton seed meal; that plaintiff delivered the meal and that defend-
ant requested plaintiff to take the meal off his hands, which he did;
that defendant agreed to pay plaintiff the difference between the
price of cotton seed meal and the price of the cotton seed; that the
difference in the value was $240; and that defendant had failed and
refused to pay such amount, it was demurrable since it failed to
distinctly aver a novation in discharge of the obligation of the first
contract, or to show facts from which a novation could be drawn as
a conclusion of law; hence, failed to show a contract based on suf-
ficient consideration.

3. *Appeal and Error; Harmless Error; Pleading.*—Where the ac-
tion was based on an oral agreement modifying a written contract, a
plea setting up fraud in procuring the written contract and denying
the oral agreement amounted to no more than the general issue, and
its elimination was not prejudicial.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Action by Moreman & Webb against Walter Hoffman,
in assumpsit. Judgment for plaintiffs, and defendant ap-
peals. Reversed and remanded.

The first and second counts are on the common count.

Count 3 is as follows: "Plaintiff claims of defendant
the sum of $243, for that on, to wit, the 13th day of Au-
gust, 1910, defendant entered into a certain contract with
plaintiff at Waverly, Ala., which was in writing, under
the terms of which said contract the said defendant

[Hoffman v. Moreman & Webb.]

agreed to exchange 33 tons of sound, dry cotton seed f. o. b. cars Waverly, Ala., for 30 tons of cotton seed meal to run 7½ per cent f. o. b. cars Columbus, Ga., the seed and meal to be delivered on or before January 1, 1911. Plaintiff avers that it complied with its part of said contract, and delivered said meal to defendant on, to wit, the 1st day of January, 1911, the basis of said meal being delivered 7½ per cent., and that it was delivered to said Walter Hoffman at Waverly, Ala., and was accepted by said Hoffman; and said defendant thereupon requested that plaintiff take said meal off of his, defendant's hands, which plaintiff did, and that defendant agreed to pay plaintiff the difference between the price of 30 tons of cotton seed meal and 33 tons of sound, dry cotton seed, on January 1, 1911, and the difference in the market value of the 30 tons of meal and 33 tons of cotton seed, at Waverly, Ala., was $243, and plaintiff avers that said defendant has failed and refused to comply with his agreement to pay plaintiff said amount."

The demurrers to the third count were as follows: "(3) It fails to show any consideration for defendant's alleged promise. (4) It shows the alleged promise of defendant to have been made without consideration."

R. C. SMITH, and A. E. BARNETT, for appellant. The court erred in overruling demurrer to the complaint, especially as to the 3rd count. The court erred in sustaining demurrers to the plea.—Sec. 5340, Code 1907; *Wilkie v. Johnson Laboratory*, 132 Ala. 268; *Beck v. Lithographing Co.*, 104 Ala. 593.

BARNES & DENSON, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—If the oral agreement, under which plaintiffs agreed to receive back from defendant the 30 tons of meal which had become defendant's property by delivery to him under the written contract, was intended as a novation in discharge of the obligations growing out of the written contract, then this was a sufficient consideration for the new oral agreement, for the breach of which plaintiffs declare in the third count of the complaint.—*Underwood v. Lovelace,* 61 Ala. 155; 29 Cyc. 1133, D. On the other hand, if it was not intended as a novation, then there is no apparent consideration for defendant's surrender of the 30 tons of meal and agreement to pay to plaintiff the difference in value as specified.

The averments of the count in question do not unequivocally show that the oral agreemnt was a novation discharging defendant from his existing obligation to deliver to plaintiffs the 33 tons of cotton seed; for such a novation should be distinctly averred, or else it should be a conclusion of law from the facts shown.

We think the third count is subject to the third and fourth grounds of the demurrer, which should have been sustained by the trial court. The other grounds of demurrer are without merit.

Defendant's second plea sets up fraud on the part of plaintiffs in the procurement of the antecedent written contract, but denies that defendant made the subsequent oral agreement counted upon. It is therefore no more than a plea of the general issue, and its elimination cannot be regarded as prejudicial error.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

McClellan, Mayfield and Sayre, JJ., concur.