## Martin *v.* Walker, *et al.*

Statutory Penalty.

(Decided April 6, 1916. 71 South. 667.)

1. **Appeal and Error; Harmless Error; Pleading.**—The refusal of the trial court to sustain a demurrer to a plea, subject to the demurrer, was harmless where there was a similar plea good as against demurrer, under which the same evidence was admissible, as under the plea retained.

2. **Mortgages; Satisfying of Record; Excuse.**—Mere inadvertence or indifference of a mortgagee after payment, and notice to satisfy would not excuse his failure to enter satisfaction on the record.

3. **Same.**—Under the facts in this case it is held that as the mortgagees were warranted in assuming that the mortgagor actually desired that the mortgage be satisfied of record, the mortgagor by accepting the power of

[Martin v. Walker, et al.]

attorney authorizing the satisfaction and failing to object, acquiesced there-in, and could not complain that the mortgagees failed to enter satisfaction themselves, and hence, were not entitled to recover the penalty for failure to enter satisfaction.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Action by H. E. Martin against W. R. Walker and George Gosdin, as partners, for the penalty for the failure to satisfy the record of a mortgage. Judgment for defendants, and plaintiff appeals. Transferred from the Court of Appeals under section 6, Acts of 1911, p. 450. Affirmed.

The notice is as follows: "Goodwater, Ala., 2-18-15. Dear Sirs: I see your mortgage on me hasn't been taken off record yet, please give the matter prompt attention and take it off at once. The mortgage was due Nov. 1, 1914, recorded in Mortgage Record 42, page 292, at Ashland, Ala. Yours very truly, H. E. Martin."

Upon this paper was also indorsed the following: "Judge Ingram: Please mark H. E. Martin's notes satisfied in favor of Walker & Gosdin, all of them. Walker & Gosdin."

It appears from the evidence that the original notice was delivered to Gosdin by one Percy Peppers and Estes Peppers, plaintiff's agents, and that, when the indorsement was made upon the notice, it and the notice were redelivered to the said Peppers with the request to deliver to plaintiff. The other facts sufficiently appear.

C. W. ALLEN, and MERRILL & CORNELIUS, for appellant. RIDDLE, BURT & RIDDLE, for appellee.

SAYRE, J.—It may be doubted that the notice in this case was the full equivalent of the request in writing which the statute, section 4898 of the Code, makes a condition precedent to the mortgagee's liability for failing to enter the fact of payment or satisfaction on the margin of the record.—*Clark v. Wright,* 123 Ala. 594, 26 South. 501. But defendants knew what it meant, and accepted it as the request prescribed by law. We shall therefore, for the purposes of this case, consider it as sufficient. So considering the request, we think there was no reversible error.

(1) The ethical correctness of the decision below is plain, and our judgment is that it should be sustained on legal considerations as well. The facts to which plaintiff objected were admis-

sible in proof of the allegations of pleas 6 and 7 alike. Plea 7 repeats the allegations of plea 6, and adds, to state the legal effect of the addition, that plaintiff, well knowing that defendants relied on him to deliver their request and power of attorney to the probate judge, and fraudulently contriving to lull defendants into a sense of security, to the end that the mortgage might not be marked satisfied, as plaintiff pretended to desire, but that it might not be so marked in order that he might have the penalty for failure, withheld the said request and power of attorney from the probate judge. This was a good plea, as for any specific objection taken to it by the demurrer, and the judge below, trying the case without a jury, could not have reasonably found otherwise than that it was sustained by the proof. Such being the case, the survival in the record of plea 6, though it should have been stricken on demurrer, will not be allowed to work a reversal of the judgment.

(2, 3) The only point of apparent difficulty is raised by plaintiff's proposition that he owed defendants no duty to take their request and power of attorney to the probate judge, and hence they had no right to rely upon him to do so. In the peculiar circumstances of this case our opinion is that defendants had both a moral and legal right to rely upon plaintiff as alleged.

Without dispute the evidence showed that defendants, upon receiving from plaintiff's agent the request in writing that the mortgage be marked satisfied upon the record, indorsed upon it a written request and authority to the probate judge to mark the note satisfied—meaning upon fair construction the note and mortgage in the body of which it was incorporated; that they delivered this request and power of attorney to plaintiff's agent, who thereupon became their agent, with the request, in effect, that he or plaintiff would take it to the probate judge upon some occasion when they would be going to the county seat, where the mortgage was recorded; that this agent did not indicate that he would take the paper to the probate judge, but he did undertake to carry it to plaintiff; that he delivered the paper to plaintiff and told him of defendants' request; that plaintiff said nothing; did nothing. The mortgage in question, a mortgage securing a loan of $265 on household furniture, farming stock and implements, and crops to be grown by the mortgagor, was executed at Goodwater, in Coosa county, and defendants' request and power of attorney was dated from Goodwater. But the mortgage was

recorded in Clay county, and this suit was brought in Clay. The fair inference is that plaintiff lived in Clay, and that defendants did business at Goodwater. These facts, to which we have last referred, are significant to this extent; they go to prove, there being nothing to the contrary, that defendants were not making an extraordinary or unreasonable draft on the good feeling upon which, as the whole record of the facts goes to show, they relied in assuming that plaintiff in good faith desired that the cloud upon his title should be removed, within two months at most, and in sending their request to him. The true motive that characterized plaintiff's conduct in the premises is further shown by the fact that within the time in which the record might have been satisfied according to the statute he went to the county seat, and on the sixtieth day, which was the first day after two months had expired, he went into the probate office with the power of attorney in his pocket, but withheld it from the probate judge. The mortgage was satisfied of record, but it does not appear just when this was done; we know only that it was more than 60 days after notice. These facts authorized and required a judgment for defendants under their seventh plea.

The mere inadvertence or indifference of the mortgagee after payment and notice will not excuse his failure to enter payment or satisfaction of record.—*Dittman Boot & Shoe Co. v. Mixon,* 120 Ala. 206, 24 South. 847. In ordinary transactions concerning property, where the parties have adverse interests and deal at arm's length, it is the duty of every one to exercise reasonable care and prudence for his self-protection, and if he negligently trusts himself in the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has placed himself by his own imprudent confidence. Many cases illustrate this doctrine.—*Terry v. Mutual Life Ins. Co.,* 116 Ala. 242, 22 South. 532; *Hooper v. Whitaker,* 130 Ala. 324, 30 South. 355; 2 Cooley on Torts (3d Ed.) 931, note. Hence mere silence, or inaction, in the absence of some duty to speak, or act, is no fraud. On the other hand, the statute on which plaintiff predicated his action was not made to be an instrument of fraud.—*Chattanooga Co. v. Echols,* 125 Ala. 548, 27 South. 975. It is highly penal, and must be strictly construed.—*Mayhall v. Woodall,* 192 Ala. 134, 68 South. 322. Fraud may consist in producing a false impression upon the mind of another, and, if this result is accomplished, the method adopted by the artful mind is not a matter of importance.

"So one may accomplish a fraud by encouraging and taking advantage of a delusion known to exist in the mind of another, though nothing is directly asserted which is calculated to keep it up."—Cooley, 910, 911.

In the law of estoppel quiescence under such circumstances as that assent may be reasonably inferred from it is the equivalent of acquiescence.—Herman on Estoppel, 776. Quiescence may amount to misrepresentation. It has been said, however, that fraud or bad faith is a necessary ingredient of misrepresentation by passivity (16 Cyc. 730), and, so far as this case is concerned, we think that is the correct rule.

Passing on the law and the facts, as did the court below, we affirm two things:

(1) That defendants were not guilty of culpable negligence in relying on plaintiff to take their power of attorney to the judge of probate. Negligence is determined by reference to the standard of care ordinarily exercised by prudent men in like circumstances. Plaintiff's request that the record of the mortgage be marked satisfied was notice to defendants that the penalty might follow upon their failure to comply within the time limited by the statute; but they may very well have been, and doubtless were, under the impression—delusion it may be termed—that what plaintiff really desired was that the record should be satisfied. Plaintiff made no express promise; but defendants promptly and without demur conceded by their action that the mortgage debt had been paid, and that plaintiff was entitled to have what he asked. No reason appears why they should have understood that plaintiff was dealing with the subject in hand as a matter of difference or antagonism between them. They had no interest in keeping the record of the mortgage unsatisfied. Their interest, like that they supposed the plaintiff had, was that the record should show satisfaction. Their request that plaintiff take the power of attorney to the probate judge, proceeding, as evidently it did, upon their assumption of a state of good will between themselves and plaintiff and upon the further assumption that plaintiff really desired that for which he asked in his notice, which took the guise of an informal and not unfriendly request, in connection with plaintiff's receipt and retention of it in silence, when dissent would have been so easy, natural, and reasonable according to the common standard of good neighborhood and good faith prevailing in ordinary intercourse between

men dealing with a matter in which they have a common interest, raised the implication of a promise on his part.

(2) We do not mean to assert that by anything he did plaintiff forfeited his right to have the record of the mortgage marked satisfied. The bad faith of which defendants complained could in no event suffice to deprive him of that right. But plaintiff's conduct was urged by way of defense and in support of an existing status of property which had its origin in undisputed right, and in that aspect it was of controlling legal importance and consequence. The outcome of the case depended, not upon any inquiry as to previously existing property rights, but upon the question whether defendants' liability under the statute had been nurtured to maturity by any fraudulent means. Defendants had no legal right to impose any duty upon plaintiff; but from the circumstances in evidence the court must have been reasonably satisfied that defendants did, not unreasonably as such things go among men acting in good faith, rely upon plaintiff to take their request and power of attorney to the probate judge, and that he knew they were relying upon him. From this situation arose the duty, not indeed to take the paper to the probate judge, but, if plaintiff would not, to disabuse the mind of defendants of the delusion under which they labored, as he might so easily have done. Ordinarily the fact that a promise is never performed is not of itself either fraud or evidence of fraud. Nevertheless a promise is sometimes the very device resorted to for the purpose of accomplishing fraud, and the most apt and effectual means to that end. —Cooley, p. 929. The fraud in such case is not the failure to keep the promise, but it is that a promise, purporting to be made for ordinary business reasons, or from good will, is in fact made as a device to lure the promisee into a liability which he would otherwise have avoided.—*Sweet v. Kimball,* 166 Mass. 332, 44 N. E. 243, 55 Am. St. Rep. 406. The most rational conclusion in this case was that plaintiff, allowing defendants to rest in the belief that he desired to have the record satisfied, when in fact he desired that it be not satisfied in order that he might have the penalty, allowing them to rely upon the false security of a confidence to the misplacement of which he had contributed by his silence when in good faith he should have spoken, took advantage of the situation, and evidently that was his purpose all along—to lay the trap into which they fell. The right to the penalty prescribed by statute should not be allowed to rest upon such ground, and so the seventh plea was established.

[Brown v. City of Tuscaloosa.]

Plaintiff cannot be heard to say that the probate judge might not have been willing to execute the power of attorney. That was not a matter for plaintiff's consideration. If the power of attorney, being delivered, had not been executed, or if plaintiff had not allowed defendants to rest on the belief that he would deliver, defendants would have been responsible for the consequences.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.