## AVANT v. AVANT et ux. (5 Div. 817.)

(Supreme Court of Alabama. April 27, 1922.)

1. **Evidence ⬡174(4), 185(3) — Permitting testimony as to contents of letter without notice to produce original held error.**

Copies of letters cannot be classed as original evidence and are not admissible except upon proof of notice to produce the original or after properly accounting for the absence of the original; hence it was error to permit plaintiff to testify as to the contents of a letter written to defendant, where the notice to defendant demanded the production of a copy, not the original.

2. **Mortgages ⬡312(4)—Evidence of the satisfaction of a mortgage held admissible to explain ambiguity of notice to satisfy record.**

In an action under Code 1907, § 4898, for failure of defendant, after notice, to mark satisfied the record of a mortgage executed by both plaintiffs where it appeared that defendant held, in addition to the mortgage executed by both plaintiffs, a mortgage executed by one of the plaintiffs, and that notice to satisfy referred to "the mortgage you hold against me," and concluded "as ever your uncle," but was signed by both plaintiffs, it was competent for defendant to show that at the time of the notice he had forwarded to the agent of one of the plaintiffs a satisfaction of the record of the mortgage executed by such plaintiff alone, as shedding light on the ambiguity of the notice and its sufficiency.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action by J. G. Avant and wife against W. L. Avant for the statutory penalty for failure to satisfy a mortgage record. Judgment for the plaintiffs, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Holley & Milner, of Wetumpka, for appellant.

Notice to produce a copy is not notice to produce the original, and when notice is not given to produce the original, secondary evidence is not admissible. 2 Words and Phrases, 1594; 103 Ala. 203, 15 South. 567; 185 Ala. 466, 64 South. 71. The penalty is such that the statute must be strictly construed, and hence the notice was not suffi-

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cient. 137 Ala. 581, 34 South. 827; 75 Ala. 325; 139 Ala. 327, 36 South. 516; 125 Ala. 548, 27 South. 975.

George F. Smoot, of Wetumpka, for appellees.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellees recovered a judgment against appellant for the statutory penalty provided by section 4898 of the Code of 1907 for the failure to mark "satisfied" the record of a certain mortgage executed by them to the appellant, bearing date May 2, 1916, and which was duly recorded. It is well established by our decisions that the foregoing statute, being highly penal in its nature, is to be strictly construed, and to authorize a recovery thereunder the complaining party must bring himself within its letter. Wilkerson v. Sorsby, 201 Ala. 182, 77 South. 708.

The notice to the mortgagee demanding satisfaction of the record is of course of vital importance, and the sufficiency of its contents as complying with the terms of the statute is frequently presented for determination here. Chattanooga B. & L. Ass'n v. Echols, 125 Ala. 548, 27 South. 975; Henderson v. Wilson, 139 Ala. 327, 36 South. 516; Martin v. Walker, 196 Ala. 469, 76 South. 667.

[1] Plaintiffs insisted that the notice in the instant case was given to the mortgagee by letter mailed to his address, and upon the trial of the cause their counsel moved the court to require defendant to produce this letter. Defendant's attorney then informed the court that neither the defendant nor his attorney had been served with any notice that a motion would be made to require the defendant to produce such letter. Plaintiffs then offered in evidence a purported notice, a copy of which had been served on defendant's attorney, which gave information to the defendant that motion would be made to require him to produce a copy of said letter. Defendant objected to this notice upon the ground that it merely gave notice of a motion to require him to produce a copy, and not the letter itself. The court held the notice sufficient, and allowed the same to be introduced. It was stated that neither counsel nor defendant had the original letter referred to at the place of the trial of this case. J. G. Avant, one of the plaintiffs, was then permitted, over defendant's objection, to testify as to the contents of the letter which he had mailed to defendant, and to this action of the court exception was duly reserved. As was said in Home Protection of North Ala. v. Whidden, 103 Ala. 203, 15 South. 567:

"Copies of letters cannot be classed as original evidence, and are not admissible except upon proof of notice to produce the original, or after properly accounting for the absence of the original."

In the instant case there was no notice of demand for the original letter, but only for a copy thereof. The notice itself therefore gave information that it called for secondary evidence, which would not be admissible except upon proof of notice to produce the original or accounting for its absence. Following the logic of the holding in the Whidden Case, supra, it must be held that the notice was insufficient, and that the court erred in admitting secondary evidence of the contents of the letter.

[2] Upon cross-examination J. G. Avant stated that his recollection was that the notice embraced in the letter mailed to defendant to satisfy the record of the mortgage was in the following language:

"Please have settled the record of the mortgage you hold against me. Also give credit of all I have paid on the W. B. Avant mortgage. As ever your Uncle, J. G. Avant, Julia A. Avant."

The mortgage in question was executed by J. G. Avant and Julia A. Avant, embracing lands in both Elmore and Coosa counties, and was on record in each county. It also appears that J. G. Avant alone had executed a mortgage to the First National Bank of Wetumpka, which had been transferred to the defendant, W. L. Avant, and also held by him at the time of the service of this notice. This latter mortgage was recorded in Coosa county. One Darden secured for the plaintiff J. G. Avant a loan with which to pay off the indebtedness of the mortgage which constitutes the subject-matter of this suit. Defendant offered to show that at the time this mortgage was paid, at the request of Darden, who was acting for J. G. Avant, he had forwarded to said Darden satisfaction of said mortgage indebtedness, duly signed by himself, and containing power of attorney to the probate judge to enter satisfaction thereof upon the records of said mortgage, and that the record had been satisfied in Coosa county, but not as to Elmore county. The notice to the defendant to satisfy the mortgage bears date of March 22, 1920, and defendant offered to show that prior to that time Darden had received this power of attorney together with a check for $1.50 to cover the expenses of recording thereof, and that after their receipt and before March 22, 1920, he had seen the plaintiff J. G. Avant and informed him of the receipt of all these papers, including the power of attorney. To all the foregoing plaintiff objected, which objections were sustained.

It further appears that these papers forwarded to Darden were in fact delivered to J. G. Avant prior to March 22, 1920. The defendant testified that the mortgage of J. G. Avant to the First National Bank of Wetumpka, which had been transferred to him,

had been destroyed in a fire, but it had not been paid, and that he wrote to J. G. Avant to ascertain what mortgage was intended, stating that he "would be glad to help him anyway * * * towards satisfying the record." The foregoing evidence was not offered by way of estoppel or other defense (Case Threshing Machine Co. v. McGuire, 201 Ala. 203, 77 South. 729; Martin v. Walker, supra) ; but it is insisted that it was competent to be considered by the jury in determining the meaning and proper construction of the notice, the contents of which were testified to as above stated.

While the notice was signed by J. G. and Julia A. Avant, yet in the context it refers to the mortgage in the singular "you hold against me," and concludes in the singular "your uncle." The insistence of defendant therefore is that, in view of the fact that he held by transfer a mortgage on record in Coosa county, executed by J. G. Avant alone, it was competent to show he had forwarded the satisfaction of the record to the agent or attorney for plaintiff at the time of the receipt of this notice as shedding light upon the ambiguity found in the language of the notice above stated. This court in Henderson v. Wilson, supra, evidently laid much stress upon the pronoun "me" found in the notice in that case; and we are of the opinion the court should have admitted this evidence as shedding light upon the sufficiency of the notice given.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.