(98 South. 219)

## MOGUL WAGON CO. v. SHOTTS.
### (8 Div. 946.)

(Court of Appeals of Alabama.   May 30, 1922.)

1. **Principal and agent** ⊕▭155(1)—**Testimony as to subsequent verbal agreement between buyer and seller's agent, modifiyng written contract, inadmissible in absence of showing of agent's authority.**

In seller's action on contract created by seller's acceptance of buyer's order taken by seller's salesman, testimony as to a subsequent verbal agreement between the buyer and the salesman, modifying the written contract, *held* inadmissible, in the absence of evidence tending to show salesman's authority to modify the contract.

2. **Contracts** ⊕▭236—**Parties may by mutual consent modify or annul contracts.**

Parties to contracts may by mutual consent modify or annul them, but the modification must be mutual, and made by the contracting parties or by their authorized agents.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by the Mogul Wagon Company against W. M. Shotts. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Key & Key, of Russellville, for appellant.

The court erred in admitting evidence modifying the written contract. 119 Ala. 84, 24 South. 723; 116 Ala. 629, 22 South. 916; 94 Ala. 640, 10 South. 129. One dealing with an agent is bound to know the extent of the agent's authority.

Travis Williams, of Russellville, for appellee.

Brief of counsel did not reach the Reporter.

SAMFORD, J.  This suit is grounded on a contract in writing between the plaintiff and defendant for the sale of some wagons. The contract was signed by the defendant at the instance of a salesman of plaintiff, at the place of business of defendant at Vina, Ala., and contained this closing statement:

"This contract is subject to the acceptance of the Mogul Wagon Sales Company, Hopkinsville, Ky., and no verbal agreements pertaining thereto will be recognized."

The contract was accepted, and the wagons described therein were shipped by plaintiff and received by defendant. The sole contention of defendant is that, after he signed the contract, he had an agreement with the salesman to the effect that the wagons were to be shipped, that defendant was to pay the freight and put them up and try to sell them, and if he did not sell them in 30 days, or 60 days, the salesman was to come and take them up and ship them to a territory where they would sell. There is no contention that the plaintiff knew or consented to this modification, other than such notice or consent as it would be bound by, by reason of the agreement of the salesman. There was no evidence tending to prove fraud in the procurement of defendant's signature to the contract, or that its contents were misrepresented to him in any way; on the contrary, the defendant, in explaining why the contract did not contain the agreement said:

"He [salesman] had no authority to make a different contract; * * * the contract had to go in the regular way."

It was admitted by defendant in his testimony that he knew the contract would not be accepted by plaintiff, unless it was as was signed, and that the salesman had no authority to modify or change it.

[1, 2] In the absence of evidence tending to show authority in the salesman, acting for plaintiff, to modify the contract, it was

---

⊕▭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

error for the court to admit testimony as to a subsequent verbal agreement had between defendant and the salesman modifying the contract. There was not only no testimony tending to show this authority, but defendant and one of his witnesses stated positively that the salesman stated to defendant that he had no such authority. Parties to contracts may by mutual consent modify or annul them. 3 Michie's Dig. 350, §§ 168, 169. But the modification must be mutual and made by the contracting parties, or by some one duly authorized to do so.

The rulings of the court on the evidence were contrary to this view, and therefore the judgment must be reversed, and the cause remanded.

Reversed and remanded.