175 So. 278

SPENCER v. RICHARDSON.

8 Div. 782.

Supreme Court of Alabama.

June 3, 1937.

324

R. B. Patton, of Athens, for appellant.

J. G. Rankin, of Athens, for appellee.

**FOSTER, Justice.**

This is a bill in equity to enforce a landlord's lien for rent. The controversy is between the former owner of the land and his vendee (who is complainant), as to which of them was entitled to own and collect the amount.

Appellant was the owner of the land in January, 1935, and rented it by verbal contract for that year to Marsh, who went into possession. There was no agreement as to the time when the stipulated amount of cotton was to be paid or delivered. In March appellant submitted a note to Marsh for his signature, whereby it was payable September 15th of that year. Marsh read the note and signed it; no fraud or misrepresentation was used. Nothing was said then, as nothing was said in January, as to when the cotton should be delivered, but the note as signed was specific and fixed September 15th as the date when the amount of cotton, as agreed on for the rent, should be delivered. On September 26th, after the cotton had been gathered and was ready for delivery, and moved from the place, but not delivered, appellant sold and conveyed to appellee the land without reservation of the rents for that year or reference to them in any way.

Appellee filed this bill upon the claim that the date of maturity of the payment of the rent was fixed under the contract made in January, by virtue of section 8800, at November 1st, and that the change making it mature September 15th was without consideration, and not effective to change the date fixed by the statute, so that thereby she claimed to be the owner of the reversion at the time the rent matured, and, therefore, was the owner of the claim, under authority of our cases and established law. Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52; Conn. Gen. Life Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651.

It is conceded in argument that the question is controlled by the effect of the rent note recited to mature September 15th. Section 8800, Code, is that unless otherwise stipulated, the rent and advances for land shall become due November 1st of the year in which the crop is grown.

It is our construction of this statute that its effect is to supply an omission in the contract, not to make the time there provided a binding feature of the contract as if expressly stipulated to be on November 1st. But when the contract is silent as to the maturity of the rent, and it remains silent in that respect, a rule is provided by law. True, statutes of that sort are sometimes said to be read into the contract, the same as though the parties had expressly named that date. But we do not think that the parties are so concluded by such implication as to require in any case a new consideration to support an agreement thereafter made between them fixing the time which was originally left without agreement.

But assuming that the situation between them as to the binding force of the contract was the same as though they had named November 1st as the date when the rent was to be paid, we think that at any time before then the parties could modify that contract as to the date of maturity by mutual agreement, without further consideration than that it should be substituted for the old contract, provided no rights of third persons have intervened, when as so modified the parties continue to act upon it as their contract. Such a modification is sometimes supported on the ground that thereby it is a substitution for the old one, and the extinguishment of the old contract as the result of the new one is a sufficient consideration—sometimes called a "novation." Montgomery Bank & Trust Co. v. Jackson, 190 Ala. 411, 67 So. 235; McDonnell v. Alabama Gold Life Ins. Co., 85 Ala. 401, 414, 5 So. 120.

In other cases, it is said that the rule is settled in Alabama, that so long as a contract is executory the parties are at liberty to modify it at pleasure without new consideration, other than their mutual consent. May v. Robinson, 221 Ala. 570, 130 So. 81; Gray & Sons v. Satuloff Bros., 213 Ala. 526, 105 So. 666; Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A.L.

326

R. 981; Wilson v. Windham, 213 Ala. 31, 104 So. 232; George v. Roberts, 186 Ala. 521, 522(4), 65 So. 345; Elliott v. Howison, 146 Ala. 568(10), 40 So. 1018; Hoffman v. Moreman & Webb, 184 Ala. 220, 63 So. 942; Messer v. Dupuy-Burke Realty Co., 226 Ala. 438, 147 So. 193.

There may be peculiar situations in respect to different contracts which seem to be exceptions to this rule. But an analysis of each such case will demonstrate that there is some feature to show that it is either not an executory contract, or that liability on it had matured, or that it was improperly procured, or that it was not in substance and effect intended as a substitution for the former contract, and that it was not mutually acted on. But whether in all cases there is complete harmony, we think the rule is now settled in Alabama, as we have stated it. We have not overlooked Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L.R.A.(N.S.) 450, 139 Am.St.Rep. 19; Donnelly v. House, 160 Ala. 325, 49 So. 324; Hart v. Coleman, 192 Ala. 447, 68 So. 315; Id., 201 Ala. 345, 78 So. 201, L.R.A.1918E, 213.

We wish also to refer to the fact that the rent contract made in January, and as modified by the note in March, provided for the payment of cotton, not money. The cotton was gathered and ginned, and ready for delivery the latter part of August, and in September prior to the 26th.

In the case of Horton v. Miller, 84 Ala. 537, 4 So. 370, this court was dealing with section 3057, Code of 1886, which is exactly the same as section 8800, Code of 1923, except that November 1st is now substituted for December 25th. It was said that if there was an agreement that the advances should be paid out of the crop, the claim for such balance as was unpaid would mature when the crop was marketed, or ready for market. This was so held notwithstanding the Code section above mentioned, which fixes the maturity of claims for advances as for rent. When the agreement is to pay or deliver bales of cotton as rent, we think the status is the same in this respect as an agreement to pay for advances out of the cotton.

When the contract is to pay cotton as rent of agricultural land for the current year, and the parties understood, as manifested by the contract properly interpreted, that the cotton is to be grown on the land, when it is grown, and gathered and ready for delivery, it is by implication

then due to be paid, though no date is expressly stated, and that notwithstanding section 8800, Code. That statute is only applicable when the agreement, as properly construed, does not show an intent that some other date is understood, though that date is dependent upon a contingency then known to and understood by both parties, but not expressed in exact language. That is the meaning of Horton v. Miller, supra.

It results that we cannot agree with the trial court in the conclusion from the facts we have stated, that appellee became the purchaser of the land before the rent was due to be paid. The cotton has been sold and the proceeds paid into court by the tenant. Appellant has a cross-bill in which he sets up claim to this amount by virtue of his contract with the tenant. The attitude of the tenant appears to be neutral. We think appellant is entitled to the funds which were paid into court, as to the amount of which there appears to be no controversy.

The decree of the trial court is reversed, and one is here rendered as above indicated.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.