Joe YOUNG, d/b/a J. Young Construction Company, and United States Fidelity and Guaranty Company, Inc., Appellants,

v.

UNITED STATES of America, for the Use of J. E. BROWN and Boyce Brown, Partners, d/b/a J. E. Brown Construction Company, Appellees.

No. 20303.

United States Court of Appeals
Fifth Circuit.

Feb. 7, 1964.

**934**

Robert E. Varner, Jones, Murray & Stewart, Montgomery, Ala., for appellants.

Robert C. Dillon, J. L. Klinefelter, Burnham, Klinefelter & Dillon, Anniston, Ala., for appellees.

Before RIVES, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is an appeal by the prime contractor and his surety from a judgment upon a jury verdict in favor of the United States for the use of J. E. Brown and Boyce Brown d/b/a J. E. Brown Construction Company, the subcontractor. Appellee filed two separate suits to recover on two separate but similar subcontracts wherein appellee was to do the excavating, the laying of storm drainage pipe and other related work on two Government projects at Eufaula, Alabama. The two suits were consolidated for trial, and by agreement of the parties, the issues in both cases were submitted to the same jury and tried as one case.

Although the subcontracts were simple enough, the evidence adduced below was complex, voluminous and conflicting. Generally, appellants' main complaint on this appeal is that appellee was allowed to prove oral modification of the written contracts. The jury accepted the appellees' version of the evidence. The verdict of the jury is sufficiently supported by the record and is unimpeachable under the substantial evidence rule, unless the trial court fatally erred in allowing appellees to introduce evidence of oral modifications of the subcontracts. Tennant v. Peoria & Pekin Union R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Continental Casualty Co. v. Holmes, 5 Cir. 1959, 266 F.2d 269; Spach v. Monarch Ins. Co. of Ohio, 5 Cir. 1962, 309 F.2d 949; Rives, The Scope of Review of Facts by United States Courts of Appeals, 11 Ala.L.Rev. 70 (1958). We turn now to a consideration of that question.

We look first to the Federal Rules of Civil Procedure. Rule 43(a) deals with the question of the admissibility of evidence in Federal civil trials and provides in pertinent part as follows:

"All evidence shall be admitted which is admissible under the *statutes* of the *United States*, or under the *rules* of evidence *heretofore applied* in the *courts* of the *United States* on the hearing of suits *in*

*equity,* or under the *rules* of evidence *applied* in the *courts* of general jurisdiction of the *state in which* the *United States court is held.* In any case, the statute or *rule* which *favors* the *reception* of the evidence *governs"* * * *. (Emphasis added)

This circuit and the Second Circuit are committed to a liberal interpretation of the foregoing rule. Monarch Ins. Co. of Ohio v. Spach, 5 Cir. 1960, 281 F.2d 401; Dallas County v. Commercial Union Assurance Co., 5 Cir. 1961, 286 F.2d 388; Hambrice v. F. W. Woolworth Co., 5 Cir. 1961, 290 F.2d 557; Hope v. Hearst Consolidated Publications, 2 Cir. 1961, 294 F.2d 681; 2B Barron & Holtzoff, Fed. Practice & Procedure (Wright rev. 1961) § 962.

In Hambrice the court had under consideration the admissibility of testimony of a store employee as to his daily habit with respect to sweeping the floor. In an opinion written by Judge Hutcheson, the court concluded as follows:

"Under these circumstances, it seems to us that, under Rule 43 Federal Rules of Civil Procedure, 28 U.S.C.A., which admonishes that the rule favoring admissibility should be adopted, we should follow the more liberal rule of the text writers and of the Institute's Code of Evidence, in holding true habit evidence admissible. While Rule 43 has been criticized as not entirely clear, it is settled that, in an action brought in the Federal District Court, in determining the admissibility of evidence, the court is not bound by a state court rule if that is less liberal than another rule which the court might be free to adopt. In determining admissibility of evidence where there is a conflict of state and federal rule, plaintiff is entitled under Rule 43 to the benefit of the more favorable rule. Roth v. Swanson, 8 Cir., 145 F.2d 262. In the federal court, the rule, whether federal or state, which favors reception of evidence governs. New York Life Ins.

Co. v. Schlatter, 5 Cir., 203 F.2d 184. The admissibility of evidence in a federal court is a rule of procedure governed by federal law and not a rule of practice to be governed by state law. Gillespie v. Equitable Life, D.C., 152 F.Supp. 109. The Federal Rules of Civil Procedure indicate a general policy to disregard technicalities and form and to determine rights of litigants on the merits and to that end the rules are liberally construed. Fakouri v. Cadais, 5 Cir., 147 F.2d 667, at page 668. Cf. Monarch Ins. Co. of Ohio v. Spach, 5 Cir., 281 F.2d 401; Dallas County v. Commercial Union, 5 Cir., 286 F.2d 388; holding to the same effect. Certainly in the state of the authorities and under the evidence in this case, the ruling, admitting the porter's habit evidence, should not be regarded as reversible error."

■ Whether considered as a rule of substantive law or as a rule of evidence, the so-called "parol evidence" rule is far from pellucid. The rule does not allow the maximum passage of light without diffusion or distortion. A strict, formal and technical interpretation of the rule has long since been abandoned. There are numerous exceptions to it. One of the first exceptions arose as early as Lord Coke's time. Since that time, the courts have repeatedly found it necessary to resort to new exceptions to the rule. Wigmore indicates that there are now at least 9 or 10 such exceptions. 9 Wigmore on Evidence (3d Ed.) § 2470, et seq., p. 224.

■ We fail to find any conflict between the rulings of the trial court and the law of the State of Alabama. We agree with the trial court's repeated admonitions to the jury:

'* * * where the parties, any parties, have entered into a written contract, the law says that it is entirely competent for the parties to a written contract to, if they agree to it, and while it is still in the stage of

being performed, modify or waive certain rights under it or engraft new terms into it, but this must be done by agreement between the parties, a mutual understanding, and it must be done, if it is done, while the contract is in an executory stage, or stage of being performed."

\* \* \* \* \*

"Well, I am just going along and trying to keep error out of the record, when I charge the jury, and the last charge was based on Alabama law, as I understand it to be, as set out by the Supreme Court in Louisville—L. and N. Railroad [Warley Fruit & Produce Co. v. Louisville & N. R. Co., 17 Ala.App. 263], 84 So. 311; Benton Mercantile case, 207 Ala. 409 [207 Ala. 49, 91 So. 784]; E. T. Gray and Sons, 213 Ala. 526 [105 So. 666]; Mogul Wagon against Shotts [18 Ala.App. 528] 93 So. 219; Moore against Williamson, 213 Ala. 274 [104 So. 645, 42 A.L.R. 981]; Commercial Credit, [236 Ala. 616] 184 So. 178; Cowin against Salmon, 244 [244 Ala. 285, 13 So.2d 190]—and others; you can tell from that it is pretty basic Alabama law as to what I just charged them on.

"MR. VARNER: But do those cases get us around the parole evidence rule, changing of the written contract by parole evidence?

"THE COURT: Just exactly what I got through charging the jury; just exactly what I got through charging them."

The record before us shows, as is so often the case, that both parties sought to make the most of the evidence presented to the jury in behalf of each; and if we were to follow a strict, formal interpretation of the parol evidence rule, there would be sufficient reason to hold that both parties violated it.

■ A clear statement of the Alabama rule may be found in Moore v. Williamson, 213 Ala. 274, 104 So. 645,

42 A.L.R. 981 (Ala.1925), where the Supreme Court stated:

"A written contract may, in the absence of statute, be modified by subsequent oral agreement. 13 C.J. p. 593, § 609.

\* \* \* \* \* \*

"Thus the contract, by its terms, is shown to have been bilateral in nature, and being executory as to the parties, may therefore be modified before the breach without the existence of other consideration; the original consideration being sufficient for the new agreement sought to be set up in plea 4. The case should be tried on this plea and the evidence offered in support of that theory."

See also T. R. Miller Mill Co. v. Johns, 37 Ala.App. 477, 75 So.2d 670 (Ala.Ct. of Apps.1954); Bonie v. Griffin, 252 Ala. 299, 40 So.2d 870 (Ala.1949); and Spencer v. Richardson, 234 Ala. 323, 175 So. 278 (Ala.1937).

In addition to the foregoing, we find the following pertinent statement in the court's oral charge to the jury:

" \* \* \* it is stipulated between the parties in these cases that this lawsuit is based upon the contractual obligation of the parties, evidenced partly by the written contract, according to the Browns, and partly by oral modifications, and evidenced by the written contract solely is the contention on the part of the Youngs."

No objection was made to the foregoing statement. Appellees' brief states:

"By stipulation and by agreement at the pretrial conference these cases are based upon the contractual obligations, Appellee contending partly written and partly by oral modification, Appellants contending by the written contract only."

■ We have considered all of appellants' specifications of error and conclude there is no merit in any of them.

The judgment is affirmed.